### 13965. ROBERSON *v.* SOUTHERN RAILWAY COMPANY.

The evidence introduced, with all deductions or inferences which it is reasonably possible to draw therefrom, having failed to sustain the essential allegation of plaintiff's petition, the court did not err in directing a verdict for the defendant.

DECIDED APRIL 18, 1923.

Action for damages; from Twiggs superior court — Judge Kent. July 18, 1922.

This was a suit under the Federal employer's liability act. No question arises as to its application. The plaintiff was a member of a section-gang, engaged in distributing cinders along the defendant's line of railway. The cinders were in a coal-car with hopper bottoms, and flowed out of these openings in the bottom of the car as it was drawn slowly along the track. The plaintiff,

with other laborers, was inside the car, using a shovel to keep the cinders flowing. While thus engaged and while standing upon the cinders, he was drawn down with the cinders through the bottom of the car, sustaining injuries for which he sued. The one act of negligence alleged in the petition consisted in the defendant having allowed a transverse brace-rod to become weakened by rust, so that it suddenly broke, causing the sides of the car to bulge, thus making a sudden and unexpected movement of the cinders toward the bottom, which sudden movement of the cinders carried the plaintiff down with them. Plaintiff undertook to show by his own evidence that this brace-rod did in fact break at the time of the injury,— not by direct testimony (as he swore that it was concealed by the cinders and he did not see it break), but by testimony to the effect that the sides of the car bulged out at the time he was drawn down in the hopper and through the bottom of the car, and that the brace-rod to which he then caught hold was rusted at the point where it was broken, and the break, as then observed, appeared to be recent. According to the defendant's witnesses, these brace-rods were not really necessary to hold the sides of the car when it was loaded with cinders; it was the custom, they said, to saw them in two in order to unload coal; and there was testimony to the effect that, before the car was brought to the place of the injury and prior to the time of the injury, the brace-rod was hanging loose in the car. Thus, under the evidence for the defendant, the conclusion of the plaintiff that it broke at the time of the injury was necessarily erroneous. The court directed a verdict for the defendant, and subsequently refused the plaintiff's motion for a new trial, based upon this direction and upon the general grounds.

*L. B. Wyatt, J. D. Shannon,* for plaintiff.

*Harris, Harris & Witman, H. F. Griffin Jr.,* for defendant.

JENKINS, P. J. (After stating the foregoing facts.) It is difficult to conceive how the bulging of the sides of the car could possibly have had any sort of tendency to accelerate the movement of the cinders down through the hopper. It would rather seem that the natural effect would be to momentarily retard such a movement. Be this as it may, however, it was incumbent upon the plaintiff to prove the particular act of negligence alleged (*Louisville & Nashville R. Co.* v. *Kemp,* 140 *Ga.* 657 (3); 661, 79

S. E. 558), and the evidence for the defendant to the effect that the brace-rod had been already cut or was broken at the time of the accident, and was lying loose in the car when brought to the place of the injury, is altogether uncontradicted save by the plaintiff's conclusion based upon his testimony as to the appearance of the rod and the bulging out of the car sides at the time he was drawn down into the hopper. We fully agree with counsel for the defendant in error that a brace which had withstood the strain of unrelieved lateral pressure, caused by a full load of clinkers, would not be expected to give way immediately after a portion of the load had been removed, and after all, or at least a very large part, of the lateral pressure had been relieved by the center and downward flow of the clinkers through the open hoppers. It is proper, of course, to take notice of the elementary natural laws of universal application. *Rome Ry. & Lt. Co.* v. *Keel,* 3 *Ga. App.* 769 (2) (60 S. E. 468). We are not, however, prepared to say that, had the plaintiff actually testified that such was the case, we would be justified in discarding such evidence as being legally impossible or inherently and absolutely absurd. The view that we take of the case is, that, even were it possible to assume that the breaking of the brace-rod at the time alleged could in any way have contributed to the injury, the evidence on this point is not actually in conflict, and the conclusion of the plaintiff that it must have happened at the time alleged,— that is, that the rod must have broken immediately after most, if not all, of the strain to which it had been subjected had been removed,— is so highly improbable that no reasonable deduction or inference can be drawn sustaining such theory from the circumstances testified to, especially where the circumstances themselves are not inconsistent with the direct and unimpeached testimony for the defendant.

 *Judgment affirmed.* *Stephens and Bell, JJ., concur.*