24892. COWAN *v.* GEORGIA RAILROAD AND BANKING
COMPANY *et al.*

DECIDED FEBRUARY 25, 1936.

*C. R. Vaughn, William T. Dean,* for plaintiff.
*Neely, Marshall & Greene, Edgar Neely Jr.,* for defendants.

MACINTYRE, J.  J. W. Cowan brought an action against the
Georgia Railroad and Banking Company and its lessees, the Atlan-
tic Coast Line Railroad Company and the Louisville & Nashville
Railroad Company, to recover damages arising out of a collision
between the plaintiff's automobile and a "coal or box car" standing
on a public street-crossing in the City of Conyers, Georgia. The
sole question is whether the judge erred in sustaining a general
demurrer to the petition as amended.

By paragraph, the pertinent parts of the petition are substan-
tially as follows: (4) Two of the defendants' railroad-tracks "im-
mediately parallel of each other," and running easterly and wester-
ly "in a straight line," cross a much-traveled street known as
"Center Street" in Conyers, Georgia, at a distance of three hun-
dred yards from defendants' depot. "The northernmost of said
tracks is a side-track and the southernmost the main track." (5)
"On the morning of November 6, 1934, at . . 5:30 o'clock,
. . petitioner approached . . Center Street crossing from
a northerly direction, driving his Ford automobile coupé. . .
Upon approaching the northernmost rail of the . . side track,
he brought his automobile to a complete stop before proceeding to
cross either rail of either of said . . tracks." (6) "It being
completely dark, petitioner, upon approaching said crossing had
both headlights of his automobile burning brightly." (7) "Peti-
tioner, with his automobile completely still, before driving upon
said tracks, looked in all directions to see whether a train was ap-
proaching, and whether the crossing was clear and unobstructed,
and listened to see if he could hear a train approaching, [and]
seeing the passenger-train, commonly known as the 'express,'

stopped about a hundred yards east of the crossing, headed west, with its headlight brightly burning, and hearing another train blow about a quarter of a mile west of said crossing, and seeing the . . sidetrack completely clear and unobstructed, and knowing it was not the custom of the railroad companies to operate two or more trains on the same track at the same time, petitioner proceeded to drive his automobile upon the tracks of said railroad, preparatory to crossing and proceeding south to his farm." (8) "That as petitioner reached the main-line track of defendant companies . . he collided with the end of a coal or box car that had been left standing on said main line . . and blocking and obstructing said crossing." (9) "Petitioner was unable to see said coal or box car, on account of the extreme brightness of the headlight of said express train completely enveloping and blinding petitioner at that point." (10) "Petitioner charges . . that said headlight of said . . train was of approximately 1,000,000 candlepower, and of such brightness, power, and penetrative quality as to completely void or nullify the light from the headlights of petitioner's automobile." (11) "There was no watchman, light, or other warning device or signal of any nature or character whatsoever, at this point or crossing at said time." (12) The defendants "had left said coal or box car standing on said main line and blocking said crossing for a period of approximately twenty-five minutes before petitioner reached, said place, without placing a watchman or other signal to warn traffic . . that said crossing was blocked or obstructed." (13) As a result of said collision, "petitioner was thrown violently upon and against the steering-wheel, windshield and instrument-board of his . . automobile, by reason of which he suffered" designated injuries.

(16) At the time of said collision there was a valid ordinance of the City of Conyers, making it a penal offense for defendants to leave said car on the crossing longer than ten minutes, the ordinance being fully pleaded. (17) Center Street is a public street within the corporate limits of Conyers. (18) "Petitioner charges . . that the negligence" of the defendants was the proximate cause of his injuries, and that the defendants were negligent in the following particulars: (a) "In blocking said crossing, in violation of the ordinance" of Conyers. (b) "In blocking and obstructing said crossing at said time and place." (c) "In failing

to have a watchman, light, or any warning device whatsoever at said time and place." (d) "In . . allowing the agents, servants, and employees in charge of said express train to stop said train at such point on said tracks." (e) In permitting said "agents, servants, and employees . . to shine and throw the headlight of said express train in such manner as to blind and obscure petitioner's view of the coal or box car obstructing said crossing." (f) "In the failure of the agents, servants, and employees in charge of said . . train to dim, blink, or cut out the headlight of said . . train, whereby petitioner could have and would have been able to see the obstruction of said crossing."

Paragraph 10 of the petition was amended by adding the following: 10(a) "The headlight of said express train was a peculiarly dazzling electric headlight, which blinded petitioner when he reached or became engulfed in the rays of said . . headlight, which made it impossible for him to see what was ahead of him." 10(b) "That upon his approaching said crossing, the headlight of said express train, on account of its extreme brightness and dazzling nature, and its being thrown at right angles across the light beams of petitioner's automobile, completely cut off and nullified the light thrown by the headlight of petitioner's automobile, making it impossible for him to see beyond or to the location on said crossing occupied by said box-car." 10(c) "That when petitioner drove upon said crossing and on the rails, or immediately adjacent to the rails of said track north of the main track, he became engulfed in the light thrown by the headlight of the express train, and was momentarily blinded thereby, and he did not and could not see said box or coal car until he had collided therewith as herein set forth."

Paragraph 18 was amended by adding the following: (f) "The defendant was negligent in failing to provide a red or other light which would have been visible to petitioner and would have apprised him of the presence on said crossing of said box or coal car, [and] but for the failure so to do petitioner would not have suffered the injuries or incurred the damages set forth in the petition." (g) "Said defendant was negligent in failing to hail or otherwise warn petitioner as he approached the crossing, and thus apprise him of the danger which confronted him, but for the failure so to do petitioner would not have suffered the injuries or incurred the damages set forth in the petition."

The defendants demurred to the petition as amended, on the following grounds: (1) No cause of action is set out against the defendants. (2) The facts set forth do not entitle the plaintiff to recover damages. (3) The facts show that the sole proximate cause of any injury which the plaintiff may have sustained was his own negligence. (4) The facts show that the plaintiff, by the exercise of ordinary care, could have avoided any negligence which may have existed on the part of the defendants. The court sustained the general demurrer and dismissed the action.

The night was dark, but the headlights of the automobile were burning brightly, and, so far as the petition shows, there was nothing to prevent the plaintiff from seeing the freight-car from the time it came within range of his headlights until he ran into it, except the powerful light from the headlight of the locomotive "thrown at right angles across the light beams of petitioner's automobile." Could not the plaintiff, by exercising the care of looking ahead of him, have seen the car standing on the crossing in front of him between the time said car came within the range of the light from the headlights of his automobile and the time when "he reached or became engulfed in the rays of said express headlight" and blinded thereby? The plaintiff says he could not. With this conclusion we can not agree. "We know from observation that two rays of light will cross each other without in any way interfering with one another. The feeble rays from a faintly illuminated object will cross a region traversed by rays of greater intensity without being influenced in any way so far as we can see." Wood's "Physical Optics" (new ed.), 119. See also "Theory of Optics" by Schuster and Nicholson (3d. ed.), 56; Drude's "Theory of Optics," 134. The meaning of the foregoing statement, as applied to the facts alleged in the petition, is this: The light from the automobile headlights would strike the side of the freight-car and illuminate it. Some of this light would be diffusedly reflected back to the eye of the driver of the automobile and form a real image of the freight car on the retina of his eye. The passage of this light from the headlights of the automobile to the side of the freight-car and back to the retina of the driver's eye would not be affected by encountering the light from the headlight of the locomotive. "An allegation in pleading which contradicts anything of which the court must take judicial cognizance

is absolutely nugatory and will be disregarded." *Rome Railway & Light Co.* v. *Keel*, 3 *Ga. App.* 769 (60 S. E. 468). "It is proper, of course, to take notice of the elementary natural laws of universal application." *Roberson* v. *So. Ry. Co.*, 30 *Ga. App.* 226, 228 (117 S. E. 270). It follows that the plaintiff could not recover, under this rule of law laid down in the Code of 1933, § 105-603: "If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover." In view of this conclusion, the legal effect of the plaintiff's knowingly entering the direct rays of light from the headlight of the locomotive, and of his attempting to cross the main track after he became "engulfed in the rays of . . said headlight" and blinded thereby, need not be considered. The court did not err in sustaining the demurrer.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*