30126. SOUTHEASTERN ELEVATOR COMPANY *et al.* v. PHELPS.

DECIDED DECEMBER 1, 1943. REHEARING DENIED DECEMBER 14, 1943.

*Haas, Gardner, Lyons & Hurt,* for plaintiffs in error.
*G. Seals Aiken, T. A. McGehee,* contra.

STEPHENS, P. J. Mary Phelps instituted suit against Southeastern Elevator Company, a partnership composed of W. E. Callahan and Garland S. Radford, and against the members of the partnership individually, to recover damages for personal injuries alleged to have been received by her on January 23, 1941, in falling, after stepping into an elevator shaft after she had opened the door to the shaft believing that she was stepping into the elevator. The following are in substance the material allegations of the petition:

· On the date alleged the plaintiff was employed as "a presser," by Saul Kleinberg Company in a building occupied by it in which there was an elevator for the use of the company's employees in going to and from work, while engaged in work, and in going to and from lunch. The elevator was operated automatically, and was controlled by the use of electric buttons inside the elevator, and on the outside of each door of the elevator and the elevator shaft, on each of the floors served by the elevator. The plaintiff, after going to the first floor of the building from her work on the third floor by way of the elevator for the purpose of eating her lunch, went to the elevator for the purpose of returning to her work on the third floor. She observed through a small window in the door of the elevator a dim light which resembled the light in the elevator, and proceeded to open the door by the use of a contrivance provided for that purpose. She thereupon stepped into the door into what she thought was the lighted elevator, but which was the open elevator shaft leading to the concrete basement below, and received the injuries alleged. The elevator and its equipment were made and installed so that when in repair and in serviceable condition the door of the elevator and the shaft on the first floor would not have opened in the manner it did, unless the elevator was in position at the first floor for use on that floor. The mechanism which would prevent the opening of the door while the elevator was not in position at the door had become defective, or broken, and would not work, and was in that condition at the time the plaintiff was injured, and had been in that condition for some time, and was in such condition when the Southeastern Elevator Company's mechanic inspected the elevator and the elevator equipment a few days before the plaintiff's injury.

On the date of the plaintiff's injury, and for several years preceding that date, the defendants had a contract with Saul Kleinberg Company by which the defendants were to make two regular inspections per month of the apparatus, including machinery, motors, controls, bearings, and guide rails, and to make minor adjustments necessary for reliable service, and make all necessary repairs on the elevator and the elevator equipment.

It is alleged that the defendants were negligent in failing to repair the defects in the elevator equipment after having received knowledge thereof, or in the exercise of ordinary care could have

received knowledge from an inspection made ten days before the plaintiff was injured, and one made two days before the injury; and that the defendants were also negligent in allowing said elevator equipment to become defective as alleged several months before the time of the plaintiff's injuries, and in not repairing and remedying said defects, and in not giving notice to Saul Kleinberg Company of the dangerous condition of the elevator when the defendants knew, or could have known by the exercise of ordinary care, "that its said conduct would cause injury and damage to the plaintiff or some other user of said elevator and elevator equipment." It was also alleged that the defendants were negligent in that they knew or could have known by the exercise of ordinary care from an inspection of the elevator and its equipment before the time the plaintiff was injured that the equipment was defective as alleged, and by virtue of such defect would cause injury and damage to the plaintiff or some other user of the elevator.

It appears from the allegations of the petition that the defendants knew that the elevator and the alleged automatic equipment would be used by the employees of the Kleinberg Company; that the defendants were under a duty to the Kleinberg Company and its employees to inspect the elevator and its equipment, and keep it in repair, and in a condition to function as an automatic elevator in the manner alleged; that by the alleged negligence of the defendants in failing to keep the automatic equipment in repair, the plaintiff, without fault on her part, in attempting to use the elevator by using the automatic equipment, fell through the elevator shaft and suffered severe personal injuries.

It is not essential to the establishment of a cause of action against the defendants that it should appear from the petition that the plaintiff was free from fault, or that her injury was not caused by her own negligence. If it affirmatively appeared from the allegations of the petition, however, that the plaintiff, by the exercise of ordinary care, could have avoided the injury, or, in other words, that her injury was caused by her own negligence, the petition would fail to set out a cause of action. It is alleged that the plaintiff saw through the window of the door of the elevator shaft a dim light resembling the light in the elevator itself. It does not appear that when she opened the door to the elevator shaft she could discern that the elevator was not there. In *Macon Savings Bank* v.

*Geoghegan,* 48 *Ga. App.* 1 (171 S. E. 853), it was held that where a person opened the door to an elevator shaft and stepped into the open shaft and fell, he was barred of a recovery by his own negligence. In that case the elevator was not an automatic elevator, such as in the present case, which should have been present when the door to the shaft was opened had the mechanism of the elevator been properly working and adjusted. It was also alleged that the plaintiff had no knowledge of the defective mechanism of the elevator.

The petition set out a cause of action against all the defendants, and the court did not err in overruling the general and special demurrers thereto. *Judgment affirmed. Felton, J., concurs.*

SUTTON, J. dissenting. Under the allegations of the petition the plaintiff had worked for a number of years in the building where she was injured, and evidently was familiar with the surroundings and the use of the automatic elevator in question. A short time before the alleged injury, she had used the elevator in going from the third floor of the building, where she worked, to the first floor to eat lunch, and after eating lunch, while in the act of returning to her work on the third floor, she went to the elevator on the first floor, pushed the elevator button, and according to the allegations of the petition, when the door opened she stepped into the open elevator shaft and fell to the basement of the building. She alleged that there was a light burning in the elevator shaft, and that it was noon time; and it plainly appears from the petition that she could have seen that the elevator was not in place when the door opened, had she only looked. I think the petition, as against demurrer, shows that the plaintiff is barred from a recovery by her own negligence, and that the court erred in overruling the demurrer to the petition.

I think the rulings in the cases of *Peniston* v. *Newnan Hospital,* 40 *Ga. App.* 367 (149 S. E. 715), and *Macon Savings Bank* v. *Geoghegan,* 48 *Ga. App.* 1 (supra), are applicable and controlling in the present case.