36310. ATLANTA LUMBER COMPANY *v.* CARMACK *et al.*

Decided October 10, 1956—Rehearing denied October 29, 1956.

*Fraser & Shelfer,* for plaintiff in error.

*A. Walton Nall, Nall, Sterne, Miller, Cadenhead & Dennis, Robert E. Hicks, William J. Schloth, Swinson, Elliott & Schloth,* contra.

FELTON, C. J.   Atlanta Lumber Company contends that the negligence of the defendant Levitas must in law be considered as the sole proximate cause of the injuries sued for for the reason that the consequences of the alleged negligence of the Atlanta Lumber Company were too remote because it was not bound to anticipate the consequences of its alleged negligence in combining with the negligence of the defendant Levitas to produce the injuries.   This contention is without merit.   The Atlanta Lumber Company was not required to anticipate the particular consequences which ensued, no matter how unusual they might have been.   It is sufficient that in ordinary prudence it might have foreseen that some injury would result from its act or omission or that "consequences of a generally injurious nature might result." *Williams* v. *Grier,* 196 *Ga.* 327, 337 (26 S. E. 2d 698) and cases cited; *Blunt* v. *Spears,* 93 *Ga. App.* 623, 628 (92 S. E. 2d 573), and cases cited.   The circumstances of this case are very unusual but it does not seem to us to be debatable that the purpose of the ordinance in question, prohibiting a left turn into Spring Street against a red light, was the prevention of collisions with vehicles going into the intersection from the opposite direction.   It is clear to us that the driver of the Atlanta Lumber Company's truck should have anticipated that injury might reasonably result from his alleged negligence.   The superseding cause principle, stated in *Southern Railway Co.* v. *Webb,* 116 *Ga.* 152 (42 S. E. 395, 59 L. R. A. 109), and followed in decisions too numerous to mention, need not be repeated here.

The court did not err in overruling the Atlanta Lumber Company's general demurrer.

*Judgment affirmed.   Quillian and Nichols, JJ., concur.*