### 36919. WILSON *v.* HOLLAND.

TOWNSEND, J. 1. Under the allegations of the petition, the plaintiff was an invitee on the defendant's garage premises, and followed the shortest route from the body shop, where his automobile was located, through the rear door of the garage in order to enter the office and pay his bill, using a route which

he had seen employees "and other persons" using. Accordingly, whether or not he had a right to enter the building at the point where he was injured is a jury question, and it cannot be held as a matter of law, simply because there is no allegation that a light was installed or burning over the rear stairway used by him, that he was not an invitee as to that portion of the premises. "If the invitee does not go beyond that part of the premises to which, as the situation reasonably appears to him, the invitation extends, he can not be held to have become a mere licensee because, as a matter of fact, the purposes of the invitation could have been fulfilled without going on such part of the premises." *Coffer* v. *Bradshaw*, 46 *Ga. App.* 143, 149 (167 S. E. 119); *Georgia Power Co.* v. *Sheats*, 58 *Ga. App.* 730 (1a) (199 S. E. 582).

2. The plaintiff in a damage action is not required to negative negligence or want of due care on his part. This is a matter for defense on the trial, unless the petition affirmatively shows such care to have been lacking. Where the plaintiff alleges that he thought he saw a nonexistent object or failed to properly identify an existing object because of certain described conditions, the court must judge whether such allegations contradict primary physical laws of nature, and, if they do, must disregard them. *Reynolds* v. *Mion & Murray Co.*, 93 *Ga. App.* 37 (90 S. E. 2d 593); *Cowan* v. *Ga. R. & Bkg. Co.*, 52 *Ga. App.* 677 (184 S. E. 635). If they do not, it is a question for jury determination whether a person exercising ordinary care for his own safety would have been similarly misled by the described condition. *Fuller* v. *Louis Steyerman & Sons*, 46 *Ga. App.* 830 (2) (169 S. E. 508); *Smith* v. *Swann*, 73 *Ga. App.* 144 (3) (35 S. E. 2d 787); *Southeastern Elevator Co.* v. *Phelps*, 70 *Ga. App.* 331 (28 S. E. 2d 85). The petition here alleges that the grease pit was immediately in front of the entrance steps and landing and on the same level with it; that because the light over the pit was out, and another light threw the shadow of an automobile over the pit, the pit had the appearance of being a dark floor rather than a hole in the floor. Under the ruling in *Pilgreen* v. *Hanson*, 89 *Ga. App.* 703 (81 S. E. 2d 18), these allegations must be taken as facts rather than conclusions, and they present a jury question both on the question of the defendant's negligence, and the degree of care exercised by the plaintiff.

3. The petition alleges specifically that both the entrance to the

garage and the interior were visible to the plaintiff because of various identified electric lights. Accordingly, this case does not come within that class of decisions where the plaintiff, by entering a dark place where he cannot see where he is going, assumes a known risk, such as *Frierson* v. *Mutual Realty Co.*, 48 *Ga. App.* 839 (174 S. E. 144); *Dacus* v. *Dickinson Trust Co.*, 65 *Ga. App.* 872 (16 S. E. 2d 786); *Mattox* v. *Atlanta Enterprises*, 91 *Ga. App.* 847 (87 S. E. 2d 432), and similar cases.

The trial court did not err in overruling the general demurrer to the petition.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED NOVEMBER 13, 1957.

*B. Hugh Burgess*, for plaintiff in error.

*Haas, Holland & Blackshear, M. H. Blackshear, Jr.*, contra.

J. Kurt Holland filed an action for damages in the Superior Court of DeKalb County against Ray C. Wilson for personal injuries sustained by him while on the premises of the defendant's garage, alleging facts substantially as follows: The defendant's automobile repair work is conducted in a garage building facing Paces Ferry Road, in which he also maintains his office. In another building to the rear is a body and paint shop, the front door of which is near the rear door of the garage. At about 6:30 p.m. on November 21, 1956, the plaintiff went to the body shop to get his automobile, which had been repaired there, and was handed a bill. He left the body shop for the defendant's office to pay the bill and, having on previous occasions seen employees of the body shop and garage and other persons walk through the rear door of the garage, undertook to go the same way. This doorway and steps leading thereto were visible on account of street lights and lights of surrounding buildings. The plaintiff mounted 4 steps, entered the building, mounted 3 more steps and stepped on the top landing. Immediately in front of him was a grease pit measuring about 6 by 15 feet surrounded by a walkway approximately 32 inches wide level with the top of the pit, the floor of the remaining portion of the garage, and the landing on which he was standing. The ceiling above the grease pit is

12 to 15 feet high. There is an opening between this area and the garage approximately 7 feet high and of uniform width with the area in which the grease pit is located. A light placed above the grease pit was not burning because the bulb had burned out. There was a light in the garage approximately 20 feet from the grease pit attached to a beam in such manner that the light was directed downward rather than towards the grease pit. An automobile at the far edge of the grease pit and between it and the light cast a shadow over the grease pit causing an optical illusion and causing the opening of the grease pit to become blackened out so that a person unacquainted with the premises as the defendant was would believe the opening of the grease pit was a solid floor. Otherwise the interior of the building used for a garage was visible. The plaintiff, after reaching the top step or landing, not knowing and not being able to see the grease pit due to the optical illusion created by the shadows, stepped into it, fell, and sustained certain described injuries. The plaintiff was an invitee on the premises. The defendant was negligent in maintaining a pitfall or mantrap without warning the plaintiff thereof; in failing to light said premises sufficiently to enable invitees to see the existence of the grease pit; in installing a light and placing a car so that the car threw a shadow over the pit; in failing to have any notice, sign or warning signal; in failing to provide a landing of sufficient width on the top of the inside steps, and in failing to put guardrails around the pit.

The trial court overruled a general demurrer to the petition, and this judgment is assigned as error, it being contended that the allegations of the petition show that the plaintiff by the exercise of ordinary care could have avoided the consequences to himself caused by the defendant's negligence.