38441.   BROOME *et al.* v. MATTHEWS *et al.*

Decided September 29, 1960.

*Parker, Clary & Kent, Horace T. Clary,* for plaintiffs in error.
*Wright, Rogers, Magruder & Hoyt, Wade C. Hoyt, Jr.,* contra.

CARLISLE, Judge. 1. On the trial of the case, the evidence for the plaintiffs tended to prove substantially the facts alleged in their petition. It appeared that the Broomes, along with another person, were in the office of the used car lot, and upon hearing the noise of the collision at the intersection ran out to see what had happened, only to be confronted by the fast approaching automobile occupied by Mrs. Matthews. The elder Broome and the other party ran and were able to get out of the way of the car, but the younger Broome was hit by the Buick automobile after it had been struck by Mrs. Matthews' car. The evidence was undisputed that S. C. Broome sustained damages to his Buick automobile in a substantial amount, and that Robert L. Broome received personal injuries necessitating his hospitalization for several days, and that he was thereafter at least partially incapacitated for several months. Likewise, the evidence was undisputed that neither of the plaintiffs was guilty of any negligence that in any way contributed to his injury and damage. The evidence was also undisputed that Mrs. Matthews entered the intersection where the original collision occurred on a green light, and that Poole's automobile entered the intersection against the red light and struck the rear of Mrs. Matthews' car, causing it to spin around; that her car executed a U-turn in the middle of the intersection and sped off across the intersection, the filling station driveway and the used car lot with its motor racing. Mrs. Matthews' contention was that she was temporarily stunned or knocked unconscious by the first collision; that she lost control of the automobile and did not know what caused it to speed off in the manner in which it did. The plaintiffs sought to show by evidence which they introduced that Mrs. Matthews was seen to be sitting upright and apparently operating the automobile in its movement across the used car lot after the first collision, and the plaintiffs' witnesses testified that immediately after the automobile stopped, Mrs. Matthews stepped out inquiring as to whether she had "killed that boy." It will thus be seen that the sole issue in the case was whether or not Mrs. Matthews was responsible for the movement of the car

after the collision with Poole's automobile. It was, therefore, not error for the trial judge to charge the jury, as complained of in the first special ground of the motion, that the jury must find for both of the plaintiffs or against both of the plaintiffs, and that they would not be authorized to find for one and against the other. If the defendants were liable to one of the plaintiffs they were liable to both of them, and the only issue aside from the question of liability would have been the exact amount of the plaintiffs' damages. If either were entitled to recover, they were each entitled to a verdict in some amount. This charge, therefore, was not harmful, and it follows that the trial judge did not err in giving the charge, nor did he err in overruling the first special ground of the motion complaining of it.

2. Special ground 2 complains of the following portion of the charge on the ground that it was confusing and misleading and erroneous in that it authorized the jury to find that a violation of the city ordinance as to speed would not constitute negligence at the time and place, even though such violation would be negligence per se: "Now, Gentlemen, I charge you that the plaintiff alleges that the defendant violated the speed limit—the speed limit at the time and place established by a proper ordinance of the City of Rome was twenty-five miles per hour. I charge you that if you find that the defendant violated any ordinance of the City of Rome, that such a violation would be negligence per se—that is, negligence as a matter of law. There are other allegations of negligence. made against the defendants which are contained in the petition. Now I charge you that it is a question of fact for you to determine whether or not the defendant was guilty of such acts, and whether or not under the facts and circumstances such acts did constitute negligence at the time and place, that that is a matter for you to determine."

This portion of the charge was not subject to the interpretation sought to be placed upon it by the plaintiffs. The first half of the portion complained of in this ground clearly dealt with the alleged negligence per se of the defendant in exceeding the speed limit. The second half clearly related to the "other allegations of negligence" charged to the defendants in the petition, and instructed the jury that as to those it was a question

of fact as to whether the defendant was guilty of such acts, and if so, whether they constituted negligence. The jury could not well have put any other interpretation on the charge, and it was not subject to the criticism sought to be leveled at it.

3. The third special ground assigns error on the following charge: "Now, Gentlemen, I charge you further that the defendants contend as one of their defenses that plaintiffs' complaint occurred as the result of an accident. In Georgia law an accident means, in connection with personal injury cases such as this, that injury which occurs without being caused by the negligence either of the plaintiff, or of the defendant. The idea of accident excludes responsibility for the cause of the injury. If you find from the preponderance of evidence that the plaintiffs' injuries and damages, if any, were caused by accident as I have defined the word—that is, it occurred without any lack of ordinary care and diligence on the part of the plaintiffs or the defendants, then the plaintiffs cannot recover damages. I further charge you that the mere fact that the plaintiffs were injured or suffered damages without cause on the plaintiffs' part does not authorize a recovery, for it is the negligence of the defendant in a tort action that authorizes the recovery of damages by the plaintiff and not merely the injury, for if neither party is negligent, the occurrence is an accident in the eyes of the law, and no recovery is authorized in such cases."

This charge was not confusing or misleading, nor was it erroneous in failing to specify "which accident" the court had reference to. It was adjusted to the issues in the case as raised by the pleadings and the evidence, since the evidence clearly showed that the plaintiffs were not guilty of any negligence in the matter. If the jury found, as contended by the defendants, that is, that the whole occurrence was the result of Poole's car hitting the car driven by Mrs. Matthews and that Mrs. Matthews was without fault in the matter, they would have been required further to find that none of the parties to the action was responsible for the injuries and damages of the plaintiffs. This charge in substantially this form has been approved by this court in *Caldwell v. Knight,* 94 Ga. App. 827, 828 (2) (96 S. E. 2d 331). It was not erroneous, as contended in the brief of

counsel for the defendants in error, because it fails to charge in immediate connection therewith the proposition of "foreseeability consequences." An otherwise correct charge is not rendered erroneous by the failure of the court to give in immediate connection therewith some other pertinent and legal proposition. *Belvin v. Beard*, 77 Ga. App. 681 (2) (49 S. E. 2d 546) *Burton & Class v. Connell*, 84 Ga. App. 106 (2) (65 S. E. 2d 620).

4. Special grounds 4 and 5 complain of portions of the charge of the court relating to proximate cause as follows: "Now I charge you further that in this case the defendants contend, as one of their defenses, that the injuries and damages suffered by the plaintiffs, if any, were caused solely and proximately by the negligence of one James T. Poole, in the negligent operation of his automobile, and not by any negligence on the part of the defendant. I charge you that when an injury can be traced directly to a wrongful act and, but for such wrongful act it could not reasonably be supposed that the injury would have resulted, this essential antecedent act may be said to be a proximate cause of the injury. Proximate cause does not necessarily mean that which is nearest, but refers rather to the efficient cause and, in this sense, is sometimes referred to as the immediate and direct cause, as opposed to remote. And the words proximate, immediate, and direct, are frequently used as synonymous.

"I also charge you that in this case the plaintiffs would not be entitled to recover if it be shown that the proximate cause of plaintiffs' injuries and damages were some act for which neither of the defendants is responsible. The proximate cause of an injury is that cause which immediately precedes and directly produces the injury, without which the injury would not have happened. So long and so far as an ultimate result can be traced to the first cause through successive stages, the responsibility rests with the one who puts in operation the chain of events which caused the wrong or injury."

Aside from the contention that these portions are misleading and confusing to the jury and that they are misstatements of the law with respect to proximate cause, the gist of the plaintiffs' complaint with respect to these two charges is that the court did not therein, or elsewhere in the charge, instruct the

jury with regard to the principle of concurrent negligence. This contention is not properly presented in this ground. See the ruling made in the preceding division and authorities cited. These portions are not abstractly incorrect for any reason assigned. *Godwin v. Atlantic Coast Line R. Co.*, 120 Ga. 747, 751 (48 S. E. 139); *Dunbar v. Davis*, 32 Ga. App. 192 (122 S. E. 895); *McMahen v. N. C. & St. L. Ry. Co.*, 68 Ga. App. 397, 402 (23 S. E. 2d 81); *Atlanta Lumber Co. v. Carmack*, 94 Ga. App. 518 (95 S. E. 2d 327).

5. Special ground 6 assigns error on a portion of the charge as follows: "Now I charge you further that under the ordinances of the City of Rome that the traffic control light at the intersection of East Second Avenue and East Fourth Street was properly erected and that the ordinance provides that vehicular traffic shall not enter or be crossing the intersection when the red or stop signal is exhibited. I charge you further the laws of Georgia provided in Section 68-1626(a), 'No person shall drive a vehicle on a street or highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care.' Subsection c of that same section of the Georgia Code provides, 'The driver of every vehicle shall, consistent with the requirements of subdivision a, drive at an appropriate reduced speed when approaching and crossing an intersection, or railway grade crossing, when approaching and going around a curve, when approaching a hill crest, when traveling upon any narrow or winding roadway, and when special hazards exist with respect to pedestrians or other traffic, or by reason of weather or highway condition.'

"To sum up the rules of law which I have given, if you find the plaintiffs have failed to prove by a preponderance of the evidence that the defendant was negligent as alleged, then you would return a verdict for the defendant. I charge you that where the sole proximate cause of the damage and injury to the plaintiffs is the negligence of some other person than the de-

fendant, there can be no recovery against the defendant, although the defendant may have been guilty of negligence. Therefore, if you reach the conclusion that the operation of the Mercury automobile by James T. Poole was the sole proximate cause of the damage and injury to the plaintiffs, then you would not be authorized to find against the defendants, although you might believe the defendant is also guilty of negligence." It is contended that this portion was confusing and misleading to the jury, that it was erroneous, in that it indicates that the negligence of the defendants was to be determined from what happened at the intersection of the two public roads rather than from a consideration of the conduct of the defendants after the collision, and in that it fails to consider the contentions of the plaintiffs and does not make clear to the jury that it is not essential that the defendants' negligence be the sole proximate cause of the injury in order for the plaintiffs to recover.

The assignments of error that the charge was confusing and misleading and the assignment of error that it failed to consider the contentions of the plaintiffs are wholly insufficient to present any question for decision by this court, since this assignment of error does not show how or wherein such charge was confusing or misleading, nor does it show what contentions of the plaintiffs were not considered by it. *Hill v. George*, 47 Ga. App. 272 (4) (170 S. E. 326).

Neither is this portion of the charge subject to the criticism otherwise leveled at it in this assignment of error, since the trial judge clearly instructed the jury, and the jury could not well have understood otherwise than, that the defendants would be liable for any negligent act alleged and proven by the plaintiffs which proximately contributed to the plaintiffs' injuries, notwithstanding the negligence of any third party. It has many times been held that, in determining the sufficiency and correctness of a portion of the charge excepted to, the entire charge must be looked to. As was so succinctly put by the late Chief Justice Bleckley in *Brown v. Matthews*, 79 Ga. 1 (1) (4 S. E. 13), "A charge, torn to pieces and scattered in disjointed fragments, may seem objectionable, although when put together and considered as a whole, it may be perfectly sound. The full charge

being in the record, what it lacks when divided is supplied when the parts are all united. United they stand, divided they fall." See also *Marcus v. State*, 76 Ga. App. 581, 584 (3) (46 S. E. 2d 770); *Morrow v. Johnston*, 85 Ga. App. 261, 265 (68 S. E. 2d 906). It is not possible, nor if it were possible, would we deem it advisable for each paragraph of the judge's charge, or each portion of the charge, to contain or refer therein to every limitation upon, or qualification of, the propositions submitted to the jury thereby. Jurors are presumed to be intelligent men, indeed they are selected for that quality, among others, and there ought to be some presumption in favor of their ability to take the various portions of the judge's charge and put them together and apply them as one complete whole. These principles are fundamental and lie behind the various rules applied by the court in interpreting the charge of the judge to the jury.

Special ground 7 complains of a portion of the charge as being confusing and misleading to the jury, and as being erroneous in that it scrambled comparative negligence and combined negligence in such a manner as to be confusing and argumentative and that it was not a sound definition of the abstract principle of law of concurring negligence of the defendant and the third person. These assignments of error are entirely too vague and general to present anything for consideration by this court.

The charge of the court was full and fair and adequately presented the issues and the applicable law to the jury. None of the portions of the charge excepted to constituted harmful or reversible error and, in the absence of a written request, the trial court did not err in failing to charge more fully on the principle of concurrent negligence, and on the contentions of the plaintiffs.

6. The evidence authorized the verdict for the defendants and, no error of law appearing, the trial court did not err in overruling the general and special grounds of the motion for a new trial.

*Judgments affirmed. Townsend and Frankum, JJ., concur. Gardner, P. J., not participating.*