39755. DIXIE-OHIO EXPRESS, INC. et al. v. BRACKETT et al.

Decided October 25, 1962—Rehearing
denied November 8, 1962.

864

*Pittman & Kinney, L. Hugh Kemp, Wright, Rogers, Magruder, Hoyt & Walther, Dudley B. Magruder,* for plaintiffs in error.

*Mitchell & Mitchell, D. W. Mitchell, Stafford R. Brooke,* contra.

CARLISLE, Presiding Judge. (After stating the foregoing facts).
■ The first special ground of the motion for new trial complains of the following charge on accident: "I charge you gentlemen, that an accident in the legal sense means the lack of negligence on the part of the driver of either vehicle. If you find from the evidence in this case that there was negligence, or carelessness on the part of either or both operators of the vehicles involved, then you would disregard any charge on the questions of accident as to such driver that I have given you in this case." It is contended that this charge was erroneous and not sound as an abstract principle of law, was misleading, confusing and prejudicial because it was in conflict with other portions of the charge which clearly instructed the jury as to the law of accident; that it was calculated to lead the jury to believe that if there was *any* negligence on the part of either defendant the plaintiff would be entitled to recover notwithstanding that such negligence did not amount to the failure to exercise the degree of care required of such defendant in the circumstances and notwithstanding that any such negligence was not shown to have been the proximate cause or a contributing proximate cause of the collision.

The judge elsewhere in his charge correctly defined an accident as applied to automobile collision cases of the type here involved when he instructed them in the following language: "Gentlemen, I charge you that an accident, in a strict legal sense as applied to negligence cases, refers to an event which is not proximately caused by negligence, but instead arises from an unforeseen or unexplained cause. An accident may indicate a happening which, although not wholly free from negligence by some person, was not proximately caused by a failure of either of the parties to the case to exercise the degree of care in the situation placed upon them by law," and he thereafter, in response to a request of the foreman of the jury after the jury had deliberated and returned to the courtroom, recharged the jury substantially to the same effect. While we recognize the rule that the jury should not be required to pick and choose between correct and incorrect expositions of the law set forth in the judge's charge, and that where the trial judge in his

■

charge gives to the jury an incorrect statement of the law with respect to a particular matter, it is incumbent upon him, if he thereafter undertakes to give to them a correct statement, to expressly call to the jury's attention the incorrect statement and withdraw it from their consideration (*Brooks v. Wofford,* 88 Ga. App. 731, 732 (1), 77 SE2d 563), this case is not within that rule. In the first place, the charge complained of is not necessarily an incorrect statement of the law, though it may be an incomplete one. As such it was not necessarily in conflict with the other portions of the charge which completely and fully instructed the jury as to the definition of accident. *Barron v. Chamblee,* 199 Ga. 591, 597 (2) (34 SE2d 828); *General Oil Co. v. Crowe,* 54 Ga. App. 139, 149 (8) (187 SE 221).

"In considering whether a charge excepted to is error . . . it is proper that it be considered in its context and in connection with the entire charge. 'A charge, torn to pieces and scattered in disjointed fragments, may seem objectionable, but when put together and considered as a whole may be perfectly sound. *Brown v. Matthews,* 79 Ga. 1 (4 SE 13).' *Buttersworth v. State,* 200 Ga. 13, 24 (2) (36 SE2d 301) . . . . It was not necessary or proper for the trial judge in instructing the jury to repeat in immediate connection with each proposition of law charged all the qualifications and exceptions applicable to it. To require him to do so would so lengthen and complicate the charge as to render it impossible to ever charge the jury fully and completely." *Millwood v. State,* 102 Ga. App. 180, 186, 187 (115 SE2d 829). Furthermore, a correct charge is not rendered erroneous by the failure of the judge to charge in immediate connection therewith some other pertinent and correct principle of law. *Broome v. Matthews,* 102 Ga. App. 481, 484 (3) (116 SE2d 662). In this case the judge elsewhere in his charge instructed the jury that in order for negligence to be the basis of a recovery in the case it must be shown to have been the proximate cause or a contributing proximate cause of the injury or damage complained of (defining proximate cause); that it was necessary for the plaintiff to prove at least some of the acts of negligence charged against each of the defendants, and that such negligence was the proximate cause of the collision

and the injuries and damages sustained by the plaintiff; that if the defendant Dixie-Ohio Express and its driver, Smith, were in the exercise of ordinary care or if the collision did not result from their failure to exercise ordinary care the plaintiff would not be entitled to recover from them; that the burden rested upon the plaintiff to establish the material allegations of her petition by a preponderance of the evidence and that the jury must find from a preponderance of the evidence that the defendants, Dixie-Ohio Express and Richard Glenn Smith, were guilty of one or more of the acts of negligence charged in the petition before plaintiff would be entitled to recover against them. With respect to these issues the charge as a whole was full, fair and complete, and the jury could not well have understood other than that they must find from a preponderance of the evidence that the defendant trucking company and its driver were guilty of one or more acts of negligence which proximately caused or contributed to the injuries before they would be authorized to find a verdict against them. The charge here complained of was not in conflict with other portions of the charge, and it was not rendered erroneous by the failure of the judge to instruct the jury in immediate connection therewith as to all of the qualifications and limitations applicable to the term "accident" used in this portion of the charge.

■ After instructing the jury as to the contentions of the parties and the issues made by the pleadings and preliminary to giving them the law applicable to the case, the judge charged the jury as follows: "Now, gentlemen, in this case, you have two degrees with care to deal with. You have ordinary care and you have slight care. The court will define those in connection with ordinary negligence and gross negligence, because you have ordinary negligence to deal with in this case and you have gross negligence to deal with." It is contended in special ground 2 of the motion that in using the language, "You have ordinary negligence to deal with in this case, and you have gross negligence to deal with," that the court was intimating or expressing an opinion to the jury that there was negligence in the case on the part of one or more of the defendants and it is further contended that this intimation or expression of

opinion was not removed by the court's later charge that it was not expressing an opinion as to what had or had not been proved. Applying the rules of law respecting consideration of the charge as a whole in determining whether an extracted portion thereof is error, as stated in the preceding division of this opinion, this portion of the charge, while perhaps inapt, was not subject to the criticisms made. Immediately following the quoted portion of the charge, the judge instructed the jury that the defendant trucking company and Smith were under a duty to exercise ordinary care, and the defendant Dean, or his driver, was under a duty to exercise slight care at the time and place complained of, and the court then proceeded to define the terms "ordinary negligence" and "gross negligence" in connection therewith. Thereafter the court, as pointed out in the preceding division, instructed the jury as to the burden on the plaintiff of proving negligence on the part of the defendants as charged in her petition that if the defendant trucking company and its driver, Smith, were in the exercise of ordinary care plaintiff could not recover, and at the conclusion of his charge the judge instructed the jury fully and extensively as to the provisions of the "dumb act" and cautioned the jury that they should not consider any statement or act on his part as amounting to an expression of opinion and that the province to decide all issues of fact was solely with the jury. The court did not commit harmful or reversible error in charging as complained of in this special ground.

■ After the jury had retired to deliberate the issues it returned to the courtroom and the foreman asked the judge to have read to the jury the portion of the defendant Smith's testimony having to do with his being opposite the root beer stand. After carefully questioning the foreman so as to ascertain exactly that portion of the testimony which the jury desired to hear again, the court permitted the reporter to "play back" a portion of the cross-examination of the defendant Smith as pointed out to the reporter by counsel for the plaintiff. This ground shows that counsel for the plaintiff was called upon by the reporter to assist him in locating the portion of the record which the jury had requested to be played back. After

this had occurred and after the testimony had been heard by the jury again, counsel for the defendant trucking company made a motion for mistrial because counsel for the plaintiff had shown the court reporter what to play back.

Whether the trial judge will permit the jury to hear portions of the evidence read by the reporter from his notes or, as apparently was done in this case, permit them to hear it played back from a recording would seem to lie largely within his discretion, and unless this discretion is shown clearly to have been abused, the judge will not be controlled in the exercise thereof. See *Jefferson v. State*, 101 Ga. App. 308, 310 (5) (113 SE2d 500); *Royals v. State*, 208 Ga. 78, 79 (2) (65 SE2d 158). Certainly, in the absence of a timely objection by the aggrieved party, it was not erroneous for the judge to permit the evidence to be played back. After the evidence had been played back, the judge had a like discretion as to whether he would grant a mistrial and this discretion, too, will not be controlled by the appellate court except in the case of manifest abuse. *Hudson v. Devlin*, 28 Ga. App. 458 (6) (111 SE 693); *Elliott v. State*, 190 Ga. 803 (2), 808 (10 SE2d 843). It appears from this ground of the motion that counsel for the defendant trucking company were in the courtroom and stood quietly by and made no objection, though they had ample opportunity to do so, and acquiesed in the procedure while counsel for the plaintiff undertook to assist the reporter in finding the particular portion of the evidence desired to be heard again by the jury. It was too late after the jury had heard the evidence to raise an objection to this procedure for the first time by making a motion for a mistrial. *Cady v. State*, 198 Ga. 99, 109 (5) (31 SE2d 38). The third special ground shows no harmful or reversible error.

■ A witness for the plaintiff was sworn and testified that he was in his place of business, which was shown by testimony and by other evidence, to be located 267 feet from the point of impact; that his place of business had a glass front and that he could observe the highway from his position therein but that he did not observe the defendant's truck until after he heard the noise of the collision at which time he looked in that di-

rection and had the truck in view while it traveled a distance of some 60 or 75 feet after the collision and while going away from his position; that he had had an opportunity to observe vehicular traffic on the highway in front of his place, including tractor-trailer trucks, and that he would estimate the speed of the truck to be 40 to 50 miles an hour at the time he observed it; that he had the truck in view for a little longer than it would take to snap your fingers and that he got a good view of it. After cross-examination, counsel for the defendant made a motion to exclude his testimony giving his opinion as to the speed of the truck because it showed that he had an inadequate opportunity to make any observation and that because of the short time that the witness had the truck in view after the collision he did not have enough of an oppportunity to reach any reasonable conclusion as to the speed. The court overruled that motion stating that he thought it would be a matter of credibility. The assignment of error in special ground 4 is on that ruling. Conceding that no sufficient foundation to qualify the witness to testify as to his opinion of the speed of the truck was laid before such opinion was elicited from him, nevertheless, counsel for the defendant did not object to his testimony in this regard but permitted the witness to testify without objection and then after cross-examination sought to have his testimony excluded. The subsequent cross-examination of the witness by counsel for the defendant failed to demonstrate the witness' lack of knowledge any more than it was shown on direct examination, and it was too late for counsel to have the evidence excluded after having acquiesced in its going to the jury in the first place. See *Central Container Corp. v. Westbrook*, 105 Ga. App. 855, 860 (4) (126 SE2d 264).

■ Complaint is made in special ground 5 of the motion of the court's charge on the last-clear-chance doctrine as applied to the defendant trucking company and its driver, it being contended that the charge was not sound as an abstract principle of law and that the charge was not authorized by the pleadings and the evidence. It is not pointed out in this ground, or in the argument of counsel, how or in what way the charge was unsound as an abstract principle of law. Whether or not

this instruction was applicable to the facts of this case (see *Atlantic C.L.R. Co. v. Coxwell*, 93 Ga. App. 159, 165, 91 SE2d 135, where it is held that the doctrine cannot be applied as a test to determine whether one of two joint tortfeasors shall be held liable to the injured person by reason of his having discovered the peril of the injured person created by the other tortfeasor), it is clear that since the jury rendered a general verdict against all the defendants, they did not apply the instruction, and the charge was, therefore, not harmful to the defendant. Accordingly, this ground shows no harmful or reversible error.

■ John Henry Lumpkin, a witness called by the plaintiff, was permitted to testify, over objection that his testimony was hearsay and not a part of the res gestae, that the witness Gene Stephens told him on the night of the wreck that the defendant Dean was driving his automobile. This conversation with Stephens was had at the funeral home that night some two or three hours after the collision. This witness was also permitted to testify that some six months thereafter he had a conversation with Dean or Stephens with reference to who was operating the automobile and that Dean told him Stephens was driving, and this testimony was objected to by the defendants Smith and the trucking company on the same ground. These objections were overruled and the assignment of error in special ground 11 of the amended motion complains of those rulings.

It is contended in this ground that this testimony was prejudicial to the defendants Smith and the trucking company because it reflected on the character and credibility of Stephens who was later called by those defendants for cross-examination, and for this reason was prejudicial to them. Assuming that the admission of this evidence over the objection of counsel for these defendants was error, the conclusion that it was harmful and prejudicial to those defendants does not logically follow. Stephens was called by the objecting parties for cross-examination under the provisions of *Code Ann.* § 38-1801. Being so called, his testimony was not binding on them and the fact that he was impeached by this evidence which was objected to, if in fact he was impeached by it, could not well have been harm-

ful to them. Furthermore, the matter testified to by the witness Lumpkin and about which complaint is made in this ground of the motion was totally irrelevant to any issue between the plaintiff and the objecting defendants and was almost totally irrelevant to any issue in the case. This testimony related to the issue as to who was driving the defendant Dean's automobile. The plaintiff's petition sought to fix liability on Dean under one of two theories; the first being that Dean himself was driving the automobile and was negligent in the operation of it; and, secondly, that Stephens was driving the automobile with Dean's permission and as his agent and that Dean was liable under the principles of agency for Stephens' negligence in the operation of the car. Assuming proof of other elements of liability Dean would have been liable to the plaintiff under either theory and whichever theory the jury chose to accept in making the verdict against Dean, such choice could in no way affect the jury's findings as to the liability or nonliability of the defendants Smith and the trucking company. The admission of this evidence over the objection of those defendants was, at most, harmless error as to them.

■ In special grounds 6 and 7 error is assigned on the following portions of the charge: "I charge you gentlemen that the defendant, Richard Glenn Smith, contends that when he was within 9 to 10 feet of the Dean automobile that said automobile was across the center line of the highway; however, if you find from the physical evidence, if any, such facts or circumstances which are inconsistent with the truth of the defendant's sworn testimony to that effect, if you find he did so testify, and if you find from the evidence physical facts and circumstances growing out of this transaction that are inconsistent with the sworn testimony of this defendant, then you would have the right to disbelieve his sworn testimony and believe otherwise provided you find such physical facts and circumstances, if any, to be the truth rather than his sworn testimony.

"I charge you that juries are not bound to believe testimony as to facts incredible, impossible or inherently improbable. Great physical laws of the universe are witnesses in each case,

which cannot be impeached by man, even though speaking under the sanction of an oath. I charge you that this would apply both to the plaintiff and to all of the defendants in this case and any witnesses that may have testified in this case.

"Therefore, you will look to the evidence in this case if parties or witnesses have testified contrary to the physical laws of the universe and have testified to facts which are incredible, impossible or inherently improbable, you would not be bound to believe these parties or witnesses even though they may be speaking under the sanction of an oath." It is contended that these portions of the charge were not authorized by the evidence because there was no evidence as to physical facts and circumstances which was inconsistent with the sworn testimony of the witnesses. In determining whether these assignments of error are meritorious it is first necessary to define what is meant by "physical evidence" and what is meant by the "great physical laws of the universe." As used in these portions of the charge, "physical evidence" is synonymous with "real evidence." Real evidence is such evidence as is addressed directly to the senses of the court or jury and which speaks to them without the intervention of the testimony of witnesses. 32 CJS 454, Evidence, § 601; Kabase v. State, 31 Ala. App. 77 (12 S2d 758, 764); State v. Merritt, 66 Nev. 380 (212 P2d 706, 717); *Morse v. State*, 10 Ga. App. 61, 62 (2) (72 SE 534). Examples of real evidence are guns and other weapons used in the perpetration of the crime being prosecuted; the exhibition of the injured body or its members by plaintiff suing for such injuries; writings and documents material to the issues being tried; models, casts and other demonstrations exhibited to the jury; and, as in this case, plats and photographs of the scene of the collision. Such evidence must always be identified and explained by witnesses but it is nonetheless real evidence and speaks without the aid of a witness. Perhaps many other examples of physical evidence could be given, but the foregoing will suffice to illustrate the meaning of the term as it is generally defined by the courts of this State and other jurisdictions. In this case the only evidence in this category were photographs and a plat of the scene of the collision and a photograph of defendant Dean's damaged auto-

mobile, all of which photographs were introduced by the defendant. In speaking of the great physical laws of the universe, the judge was undoubtedly speaking of the elementary natural laws of universal application of which our courts take judicial cognizance. *Roberson v. Southern R. Co.*, 30 Ga. App. 226, 228 (117 SE 270); *Central of Ga. R. Co. v. Lawley*, 33 Ga. App. 375, 376 (3) (126 SE 273); 31 CJS 652, 656, Evidence, §§ 73 and 74.

In so instructing the jury the judge committed harmful and reversible error. There was nothing in the physical evidence which was introduced, that is, the photographs, which was inconsistent with the truth of the defendant Smith's sworn testimony that Dean's automobile crossed the center line of the road at a time when it was no more than nine or ten feet in front of his truck, nor was there any evidence which was inconsistent with the elementary natural laws of universal application such as to authorize the jury to disbelieve it on that account. There being no such evidence, it was error for the court to instruct the jury in such a way as to mislead them into believing that there was or that they would be authorized to so find. These instructions tended to discredit Smith's testimony in the eyes of the jurors and this discrediting effect could not possibly have been removed by the subsequent instructions of the court that it had not intended to express any opinion as to what had been or what had not been proved, and that the resolution of issues of fact was solely within the province of the jurors. Furthermore, the instruction in this regard injected matters into the case for the jury's consideration which were not properly a part of the case and could only have tended to confuse the jury as to the real issues. Instructions not warranted by the evidence and which inject issues into the case not made by the evidence tend to confuse the minds of the jurors as to the real issues in the case, and such instructions are presumed harmful unless it is apparent that the jury could not have been misled by them. *Strickland v. State*, 8 Ga. App. 421 (69 SE 313); *Poland v. Osborne Lumber Co.*, 34 Ga. App. 105, 107 (2) (128 SE 198); *Griffin v. State*, 47 Ga. App. 188, 190 (170 SE 106); *Richmond &c. R. Co. v. Mitchell*, 92 Ga. 77, 83 (5) (18 SE 290); *Hixon v. Myers*, 144 Ga. 408 (3) (87 SE 475).

For the reasons herein stated, the portions of the charge as complained of in grounds 6 and 7 of the amendment to the motion for a new trial constituted harmful error and the assignment of error thereon will require the reversal of the judgment denying a new trial.

None of the other special grounds of the motion for new trial is argued or insisted upon, and they are deemed to have been abandoned by counsel for the plaintiff in error. Since the case may be tried again, it is sufficient to say with respect to the motion for a judgment notwithstanding the verdict and with respect to the general grounds of the motion for new trial, that the evidence did not demand a verdict in favor of the defendants Smith and the trucking company. The court did not, therefore, err in denying the motion for a judgment notwithstanding the verdict and in overruling the general grounds of the motion for new trial.

*Judgment reversed. Eberhardt and Russell, JJ., concur.*