THE CENTRAL RAILROAD COMPANY *vs.* BRINSON, by next friend.

1. A minor, being damaged in his person, may bring suit to recover for any permanent injury which he has sustained reaching beyond his majority, whilst the father may sue for any trespass done or damage sustained whereby he loses the services of the child, as also for any expense incurred resulting from such injury.

2. Although one railroad may be leased to and operated by another, by which the latter makes itself responsible for acts done on the road leased, yet neither loses its identity, and any tort committed upon the line of the one or the other should be so alleged and proved. Especially is this true where both roads are constructed through the territory of the same county.

3. Where an injury is committed by a railroad, the presumption is always against the road, yet it may rebut that presumption by showing that its agents have exercised all ordinary and reasonable care and diligence to avoid the injury; or that the damage was caused by the plaintiff's own negligence; or that the plaintiff, by ordinary care, could have avoided the injury to himself, although caused by the road's negligence. If both the plaintiff and the road are at fault, the damages are to be diminished in proportion to the fault attributable to the plaintiff.

Torts. Railroads. Minors. Parent and child. Damages. Before Judge SNEAD. Burke Superior Court. November Adjourned Term, 1878.

Reported in the decision.

A. R. LAWTON; J. J. JONES, for plaintiff in error.

H. C. GLISSON; E. L. BRINSON; A. M. RODGERS; WM. GIBSON; M. P. CARROLL, for defendant.

CRAWFORD, Justice.

The Central Railroad and Banking Company was sued by James Brinson, as next friend of Jefferson Brinson, to recover damages for the careless running of its train of cars over him, whereby he lost his right foot. To this suit was filed the plea of the *general issue* of *not guilty*, and a special plea in bar which was, that James Brinson, the father of the plaintiff, had brought his individual suit for the same cause of action, and for the same injury which was then pending and undetermined in the same court. On motion of plaintiff's counsel, this special plea was stricken and the cause was tried under the general issue alone. Upon the trial the jury returned a verdict for the plaintiff for the sum of ten thousand dollars; a new trial was moved upon various grounds set out in the record, which was refused by the court, and the defendant excepted.

The first ground in the defendant's motion was "because the court erred in striking out, on motion of plaintiff's counsel, the plea of defendant which set up as a defense to this suit, the pendency in this court of another suit by James Brinson, the plaintiff, for the same injury and for the same cause of action against the same defendant."

1. A minor, being damaged in his person, may bring suit to recover for any *permanent* injury which he has sustained reaching beyond his majority, whilst the father may sue for any trespass done or damage sustained whereby he loses the services of the child, as also for any expense incurred in and about the healing and restoring of the said child to health. The striking out of the special plea, therefore, was not error. Reeves' Dom. Rel., 423-4-5; 31 Penn., 372; 15 *Ga.*, 349.

2. The second ground of error complained of was the refusal of the court to charge as follows: "If the proof satisfies you that this accident happened on the line of the Augusta and Savannah Railroad, plaintiff cannot recover on his declaration in this case, which alleges that the injuries were done on the road of the Central Railroad and Banking Company of Georgia, the two corporations being separate and distinct."

The declaration of the plaintiff alleged that the Central Railroad and Banking Company, by the careless and negligent manner of running a certain engine and train of cars *over their road in said county*, did run over and crush the foot of the plaintiff, thereby causing him to lose the same. The proof clearly established the fact to be that it was not done on the Central Railroad, but on the Augusta and Savannah Road. These railroads are two separate and distinct legal entities, passing over and occupying different parts of the territory of the county of Burke, and suits against them should recognise that fact. Although the one may be leased to and operated by the other, thereby making itself responsible for acts done upon the road which is leased, yet neither loses its identity, and any tort committed on the one or the other should be so alleged and proved. This becomes the more necessary in view of the fact that to allege that the injury done was done upon the Central Railroad "*in said county*," without other or further description of the particular locality, would not be, by the record, a bar to another action for the same injury committed on the Augusta and Savannah Railroad. This request, therefore, was one which the defendant had a right to ask, and which should have been given by the court; the effect of which would have been but an amendment to the declaration thereby harmonizing the pleadings with the proof.

3. The other grounds upon which the plaintiff in error rests its motion for a new trial, consist in charges given and charges refused, upon the different theories of the respective parties as to the law governing the case, two of which need only be cited here.

The counsel for the defendant below requested the following charge in writing, which was refused by the court : "If the railroad company or its agents were negligent, or failed to do all that they ought to have done on that day and on that train, yet if the plaintiff, Brinson, could have avoided the accident to himself caused by this negligence, by ordinary care on his part, he cannot recover."

The court, upon the request of counsel for the plaintiff below, gave the following charge to the jury : "If the plaintiff was not free from fault, yet if defendant, in the exercise of due care, could have prevented the injury, they are responsible for all damages that accrued to plaintiff."

The first question here presented to this court is, was the defendant below entitled to the charge which it asked? and the second, should not the court have refused the charge given at the request of the plaintiff?

Railroad companies are liable for injuries done by them to persons and to property, and whenever one has been shown to have been committed, the presumption of the law is against them, and the burden is on the particular company to show that its agents have exercised all ordinary and reasonable care and diligence to have avoided that injury. This liability, however, has been guarded by qualifications which are in the highest degree important to these companies, and in the absence of which oftentimes they might suffer great injustice.

The first of these qualifications is, that "No person shall recover damages for an injury to himself, or his property, where the same is done by his consent, or is caused by his own negligence."

The second is, that "If the plaintiff, by ordinary care, could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover." Upon the subject of the liability, and the presumption of the law being against the railroads wherever damages are shown, see Code, §3033. As to the qualifying clauses, see Code, §§3034, 2972.

Thus it will be seen that, although the presumption is

always against the company, yet it may rebut that presumption and relieve itself of damages by showing that its agents have exercised all ordinary and reasonable care and diligence to avoid the injury ; or it may show that the damage was caused by the plaintiff's own negligence ; or it may further show that the plaintiff, by ordinary care, could have avoided the injury to himself, although caused by the defendant's negligence.   Upon either of these grounds the defendant may rest his defense.

But these rules of law will not cover the facts of every case, for it may be that both the plaintiff and the agents of defendant are at fault, and when they are, then, whilst damages may be recovered, they are to be diminished by the jury in proportion to the default attributable to the plaintiff for his want of ordinary care in avoiding the injury to himself.

The defendant in this case sought to rest its defense upon the qualifications provided by law for its relief from damages, where the injury resulted from the plaintiff's own negligence, and all of which he might have avoided by ordinary care.   Under the facts as shown by the proof, we are of the opinion that the request by the defendant should have been given to the jury, and that the court erred in not doing so.   As to the charge which was given at the request of counsel for the plaintiff, it necessarily follows that if the former should have been given, the latter should have been refused.

The ruling of this court upon these questions has been very decided, and may be found in 38 *Ga.*, 409, 431 ; 42 *Ib.*, 327 ; 53 *Ib.*, 12 ; 60 *Ib.*, 667.

It was insisted upon by the counsel for the defendant in error that these rules of law were given in the charge of the judge to the jury.   Whilst the charge does contain the general legal instructions applicable to the matters involved, the requests given and rejected were not in harmony therewith, and the defendant was entitled to have the clear and naked legal qualifications upon its liability put before the

jury, that the facts when applied thereto would have enabled them the better to understand the relative rights of the respective parties, as defined and prescribed law.

Judgment reversed.