10930, 10936.   MAXWELL BROTHERS *v.* HARRISON; and *vice versa.*

LUKE, J.   1. That a debtor, after the maturity of the debt, addresses to the creditor one or more letters in which he asks for indulgence and promises to pay the debt if its collection is not pressed will not estop him from subsequenly setting up the defense of partial failure of consideration, even though the facts upon which this defense is based were known to him at the time he wrote the payee to the effect stated, is settled in *Pearson* v. *Brown,* 105 *Ga.* 802 (31 S. E. 746).

(*a*) This ruling is not in conflict with *Harder* v. *Carter,* 97 *Ga.* 273 (23 S. E. 82), or *Lunsford* v. *Malsby,* 101 *Ga.* 39 (28 S. E. 496). The Supreme Court, in *Pearson* v. *Brown,* supra, pointed out the distinction.

2. It was not error to admit the evidence complained of in the motion for a new trial. The evidence authorized the verdict, which has the approval of the trial judge, and for no reason assigned was it error to overrule the motion for a new trial.

*Judgment on main bill of exceptions affirmed; cross-bill of exceptions dismissed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED MARCH 3, 1920.

Appeal; from Taliaferro superior court — Judge Walker. August 27, 1919.

*J. S. Watkins,* for plaintiff in error.    *A. G. Golucke,* contra.