11306.  PITTS SHOE COMPANY *v*. STEIN.

SMITH, J.  1. The court properly overruled the demurrers to the answer of the defendant, as the answer is not subject to the criticisms made by either the general demurrer or the special demurrers.

2. While a plea of total failure of consideration includes partial failure of consideration, paragraph 4 of the answer in this case was in fact a plea of partial failure of consideration, and there was evidence introduced showing the extent to which the consideration had failed. " Partial payment, with knowledge of the defective condition, will not estop the buyer from pleading partial failure of consideration." Civil Code (1910), § 4137.  See also *Atkins* v. *Cobb*, 56 *Ga.* 86 (6); *Pearson* v. *Brown*, 105 *Ga.* 802 (2) (31 S. E. 746).

3. There was ample evidence to support the verdict, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed.  Jenkins, P. J., and Stephens, J., concur.*

DECIDED APRIL 9, 1920.

Complaint; from city court of Thomasville — Judge W. H. Hammond.  January 26, 1920.

Pitts Shoe Company sued Stein on an account consisting of items of shoes furnished in February and April, 1918, aggregating $262.80, upon which was a credit of $100, dated May 4, 1918. The defendant in his answer denied indebtedness, and in the 4th paragraph alleged that there was no agreement upon the prices or value of the shoes, that their fair market value was not more than $50, and that the payment of $100 credited on the account was in excess of the market value, to the extent of $50; for which sum the defendant prayed judgment against the plaintiff.  The remainder of the answer was in substance as follows:  (Paragraph 5)  In January, 1918, it was agreed between the defendant and the plaintiff's salesman, who was endeavoring to sell to him leather shoes for the plaintiff, that the plaintiff might ship to the defendant leather shoes corresponding in quantity to those listed in the account sued on; but the plaintiff did not thereafter ship any leather shoes to the defendant, and instead shipped a like quantity of shoes made of paper and of other inferior material, so painted, varnished, and manufactured as to have the appearance of genuine leather shoes, this being done for the purpose of deceiving the defendant and all other purchasers; that the defendant received them in the first week in May, 1918, and paid the $100 credited on the account, believing that they were genuine leather shoes; that the plaintiff's fraud could not have been

discovered by the exercise of diligence; that there was no meeting of minds or contract between the plaintiff and the defendant respecting the particular goods in question, and, even if the facts might be held to amount to a contract, the contract was voided by the said fraud; that immediately on learning the character of the goods, the defendant offered to restore them to the plaintiff, and on October 14, 1918, he notified the plaintiff that he held them subject to the plaintiff's order. Because of the facts stated in this paragraph he prays judgment against the plaintiff for the $100 paid to the plaintiff. (Paragraph 6) The goods were ordered, as the plaintiff knew, for the purpose of placing them in the defendant's stock of merchandise in his store, for sale at retail to his customers, and, as a part of the said transaction, the plaintiff represented and warranted them to be merchantable and reasonably suited for that purpose, and the defendant received them for that purpose, trusting in the said representation and warranty, but they were not merchantable, would break on being used, and would come to pieces on getting wet and were wholly useless and worthless; that on learning their true character the defendant notified the plaintiff thereof and offered to return them, and he is still willing and ready to do so; that by reason of the facts stated in this paragraph the consideration for the plaintiff's account has totally failed; and, further, the said breach of the plaintiff's implied warranty precludes any recovery by the plaintiff. The defendant therefore prays judgment for the $100 paid on the account. (Paragraph 7) On October 14, 1918, defendant notified plaintiff that he held the said goods subject to plaintiff's order, and would charge and expect the plaintiff to pay storage for them from October 15, 1918, but the plaintiff failed to order their return or any other disposition of them; and the defendant prays judgment against the plaintiff for the reasonable value of storing them, alleged to be $5 per month.

There was a general demurrer to the answer, and paragraph 4 was demurred to on the grounds, that it stated no fact to sustain the allegation that the shoes were not worth more than $50, and that it amounted merely to a conclusion of the pleader; that it failed to state how many pairs of shoes were received, their value, or any facts upon which a jury could legally allow a deduction from the amount of the plaintiff's claim. Paragraph 5

was demurred to on the grounds, that it failed to show when the shoes were received, or that the defendant inspected them or made any effort to discover defects, and failed to show why the deception could not be discovered except by wearing the shoes; and that it did not appear that he made any complaint of them before October 14, 1918. Paragraphs 6 and 7 were demurred to on the grounds, that in the main they stated only conclusions of the pleader and were " only repetitions of his troubles complained of in paragraphs 4 and 5," and were not sufficiently definite in particulars stated in the demurrer.

The verdict was "for the defendant."

*J. U. Merritt, W. J. Davis, Jr.,* for plaintiff.

*Clifford E. Hay,* for defendant.