### 33466. BURTON & CLASS *v.* CONNELL.

DECIDED JUNE 9, 1951.

*McCall & Griffis,* for plaintiff.

*J. P. Knight,* for defendant.

WORRILL, J. ■ The first special ground of the motion for a new trial complains of the refusal of the court to give the following request to charge: "I charge you further, that if you find under the evidence submitted and the law given you in charge; that after defendant has ample opportunity to examine the potatoes, the subject matter of the suit, that he gave checks to be credited on the account sued upon, that the giving of the checks with knowledge of the defects in the potatoes at the time, would bind said plaintiff to pay on the account, at least the amount represented by said checks.

"I charge you further, that said defendant having admitted a balance due plaintiff by his answer in the amount of $124.79; that in no event could you find a verdict for plaintiff in a lesser amount [than] the amount admitted to be due as aforesaid."

The first paragraph of this request does not state a correct principle of law. "After acceptance of goods purchased, the presumption is that they are of the quality ordered, and the burden is on the buyer to prove the contrary. Partial payment, with knowledge of the defective condition, will not estop the buyer from pleading partial failure of consideration." Code, § 96-305. In *Pearson* v. *Brown,* 105 *Ga.* 802(2) (31 S. E. 746), it was held: "That the maker of a promissory note, after its maturity, addresses to the payee one or more letters in which he asks for indulgence and promises to pay the note if its collection is not pressed, will not operate to estop him from subsequently setting up the defense of partial failure of consideration, notwithstanding the facts upon which this defense is based were well known to him at the time he wrote the payee to the effect stated." See *Maxwell Bros.* v. *Harrison,* 25 *Ga. App.* 14 (1) (102 S. E. 372); *Pitts Shoe Co.* v. *Stein,* 25 *Ga. App.* 162(2) (103 S. E. 415).

As to the second paragraph of this request the court charged the jury that "it is admitted, gentlemen, that the plaintiffs are entitled to recover the sum of $124.79, and in any event, whatever you do, you will return a verdict for that amount in favor of the plaintiffs." Under these circumstances, this portion of the request must be treated as having been granted by the court.

Under these circumstances this assignment of error is without merit.

■ The second special ground of the motion complains that the trial court instructed the jury: "Now, gentlemen, I charge you that the burden is on the plaintiffs to prove their case by a preponderance of the evidence in the case; and you will find in this case in favor of the party, plaintiff or defendant, with whom you find the preponderance of the evidence to lie upon the issues involved in the case," without qualifying this charge as follows: "After acceptance of goods purchased, the presumption is that they are of the quality ordered, and the burden is on the buyer to prove the contrary. Partial payment, with knowledge of the defective condition, will not estop the buyer from pleading partial failure of consideration. It has been repeatedly held by both this court and by the Supreme Court that an instruction correct in and of itself is not rendered erroneous by the mere failure of the trial court to give in connection therewith also another pertinent and legal instruction. *Seaboard Air-Line Ry.* v. *Randolph,* 136 *Ga.* 505(3), 509 (71 S. E. 887) ; *Morgan* v. *Brown,* 71. *Ga. App.* 401(2) (31 S. E. 2d, 208) ; *Belvin* v. *Beard,* 77 *Ga. App.* 681 (2), 685 (49 S. E. 2d, 546).

■ The evidence authorized the verdict, and no error of law appearing, the trial court did not err in overruling the motion for a new trial as amended.

*Judgment affirmed. Sutton, C.J., and Felton, J., concur.*