55177. JERNIGAN et al. v. CARMICHAEL et al.

SHULMAN, Judge.

Plaintiffs-appellants brought suit to recover for damages allegedly sustained when the car driven by appellant-wife was struck by a pick-up truck operated by defendant-appellee. The jury returned a verdict in favor of appellants husband and wife in the amounts of $2,614.44 and $2,614.45 respectively. Plaintiffs, being dissatisfied with the verdict, have appealed to this court from the judgment entered thereon. We reverse the judgment.

1. The trial court charged Code Ann. § 38-119 as an abstract proposition which might apply equally either to appellants or appellees. Appellants contend that this charge requires a reversal because the evidence did not authorize application of the presumption as to appellants.

This identical charge was challenged on the same grounds in *Goldstein v. Ipswich Hosiery Co.,* 104 Ga. App. 500 (19) (122 SE2d 339), and was found not to require reversal. Moreover, since the asserted error concerns the jury resolution of liability, the verdict in favor of appellants precludes their complaint. *Maloy v. Dixon,* 127 Ga. App. 151 (2b) (193 SE2d 19).

2. Appellants assert that the charges regarding the avoidance doctrine, sudden emergency, the circumstances under which plaintiff's contributory negligence will bar recovery, and accident constituted error.

All these charges relate to liability. "[I]t has long been the rule that when a verdict has been returned in favor of the plaintiff, errors in the giving of the charge, in omissions from the charge or in the refusal of requests which go to the matter of liability only are harmless to the plaintiff and afford no ground for reversal at his instance [Cits.]" *Maloy,* supra, p. 155 (2b).

3. Appellants complain that the trial court's charge in accordance with Code Ann. § 105-2014 regarding the obligation to mitigate was not authorized by the evidence and constituted reversible error. We agree.

The argument by appellees that the charge is applicable and authorized in any torts case is not persuasive. Appellees' counsel has failed to cite any evidence which would have authorized a finding that appellees had failed to mitigate damages or that in fact it was possible to do so. Compare *Edelson v. Hendon,* 77 Ga. App. 395 (2) (48 SE2d 705) (refusal to charge not error where no evidence to authorize) with *Gleason v. Rhodes Center Pharmacy, Inc.,* 94 Ga. App. 439 (2) (95 SE2d 293) (where evidence authorized finding that plaintiff was malingerer, charge on § 105-2014 not error).

"There being no such evidence, it was error for the court to instruct the jury in such a way as to mislead them into believing that there was or that they would be

authorized to so find . . . Instructions not warranted by the evidence and which inject issues into the case not made by the evidence tend to confuse the minds of the jurors as to the real issues in the case, and such instructions are presumed harmful unless it is apparent that the jury could not have been misled by them. [Cits.]" *Dixie-Ohio Express, Inc. v. Brackett,* 106 Ga. App. 862 (7) (128 SE2d 642).

Because it is not apparent that the charge was harmless, the judgment must be reversed.

4. Appellants assert that the trial court committed numerous errors concerning the admission of certain expert medical testimony. As this evidence is likely to be offered at a new trial, it is appropriate to consider appellants' complaints.

A. The deposition of a medical doctor who qualified as an expert was offered into evidence. The deposition contained a hypothetical question asking the doctor whether he had "an opinion within a reasonable degree of medical probability as to whether or not the collision . . . would be a cause" of a certain injury. Upon objection, the doctor's response that "it could have caused" the injury was stricken.

Appellees argue that the answer was properly stricken as inadmissible because it was without probative value, in that it merely expressed possibility, not probability, and expressed speculation rather than opinion.

This testimony was admissible and should not have been excluded on the grounds asserted. *Yellow Cab Co. v. McCullers,* 98 Ga. App. 601 (7) (106 SE2d 535).

B. In a deposition, appellants' counsel requested the physician's diagnosis based on his examination of the plaintiff. The physician stated that he recommended hospitalization because of the patient's history, the findings she presented and the possibility of spinal cord involvement and cerebral concussion. The trial court struck the references to "the possibility of spinal cord involvement and cerebral concussion."

Appellees, citing *Paulk v. Thomas,* 115 Ga. App. 436 (3a) (154 SE2d 872), argue that the above testimony was properly excluded. We do not agree.

This testimony was not based solely upon the plaintiff's subjective complaints; it was based in part on personal observations. It was not inadmissible on the grounds asserted. *Cowart Trucking Co. v. Stone,* 129 Ga. App. 327 (1) (199 SE2d 608).

C. By way of deposition, a physician testified that the automobile collision aggravated plaintiff's spondylosis. The same physician also testified that the collision may have caused a reaction in a spur which could have resulted in certain injuries complained of. When, on cross examination, the physician stated that his testimony concerning aggravation was "all predicated on what [plaintiff] has told me," the trial court granted appellee's motion to strike the testimony and so instructed the jury. Appellants enumerate the court's holding as error. We agree.

Contrary to the implications of the cross examination statement, the physician's opinion was not based merely on the patient's statements. The physician testified, based on personal observations and examination of plaintiff, that the injuries sustained would aggravate plaintiff's spondylosis regardless of whether the condition preexisted. This testimony was admissible. *Cowart Trucking Co.,* supra.

D. Because we are reversing for the reason stated in Division 3 of this opinion, we need not determine whether the erroneous exclusion of the above medical testimony was harmful.

5. Remaining enumerations challenging the legality and consistency of the verdicts need not be considered.

*Judgment reversed. Bell, C. J., and Birdsong, J., concur.*

Argued January 18, 1978 — Decided April 4, 1978.

*Reinhardt, Whitley & Sims, Ralph F. Simpson,* for appellants.

*Maxwell A. Hines,* for appellees.