## 56381. HODGES v. THE STATE.

SMITH, Judge.

A jury convicted Hodges of armed robbery, and he appeals on the grounds that the court erred in failing to charge "that identification testimony is opinion evidence and should be rejected or accepted as any other opinion evidence" and in failing to instruct "more fully" on the defense of mistaken identity. We affirm.

First of all we note that appellant did not make any requests to charge on the subject matter of the trial court's alleged erroneous omissions. Also, following the court's charge, appellant advised the trial court that he had no exceptions with the charge given. That specific acquiescence in the given instructions is reason enough for affirmance. *Hill v. State,* 237 Ga. 523 (3) (228 SE2d 898) (1976). However, we find also that the trial court charged exhaustively and correctly on the matter of credibility of witnesses. The court further instructed: "Now one of the issues in this case is the identification of the defendant as the perpetrator of the crime. The state has the burden of proving identity beyond a reasonable

doubt. In appraising identification testimony of a witness you should consider in general what a witness bases his identification on, what he makes his perception on — through the use of which of his senses. Whether the witness had an opportunity, adequate opportunity to observe the offender at the time of the offense will be affected by such matters as how long or short a time was available, how far or how close the witness was, how good was the lighting, and whether the witness had had occasion to see or know the person at a prior time. Again, the burden of proof is on the prosecutor as to every element in the crime charged, and this specifically includes the burden of proving beyond a reasonable doubt the identity of the Defendant as the perpetrator of the crime with which he stands charged. If after examining the testimony you have a reasonable doubt as to the accuracy of the identification you should find the defendant not guilty." We believe the court's instructions correctly and completely presented to the jury the determinative legal issues. See *Allanson v. State,* 235 Ga. 584 (6) (221 SE2d 3) (1975).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

SUBMITTED SEPTEMBER 12, 1978 — DECIDED OCTOBER 5, 1978.

*Thompson, Fox & Brinson, David A. Fox,* for appellant.

*Jeff C. Wayne, District Attorney,* for appellee.