for appellee.

### 60953. MARLOW v. LANIER et al.

CARLEY, Judge.

Appellant was injured when the automobile in which he was riding left the road and overturned. The automobile was owned by appellee-Triple L Motor Company and was being driven at the time by appellee-Robert Lanier. Appellant subsequently brought suit against appellees to recover damages for the injuries which he had suffered. The jury returned a verdict in appellees' favor and the instant appeal is from the judgment entered thereon.

The two enumerations of error filed by appellant both address the trial court's failure to charge the jury on the issue of appellant's status as either a "guest passenger" or a "business invitee" in the automobile at the time it overturned. More specifically, appellant contends that the trial court erred in charging the jury that it could find appellees liable only if it found that Lanier's *gross* negligence in operating the automobile had caused appellant's injuries. Appellant asserts that giving only this instruction erroneously precluded the jury from finding that he had been a business invitee in the automobile at the time of the wreck and that appellees had therefore owed to him the duty to exercise ordinary care, instead of slight care, to keep him safe from injury. See in this regard *Bickford v. Nolen,* 142 Ga. App. 256 (235 SE2d 743) (1977), affd. 240 Ga. 255 (240 SE2d 24).

We find appellant's arguments to be utterly without merit. Appellant's complaint alleged that he was injured as the result of Lanier's "wilful and wanton acts" of negligence. *Frye v. Pyron,* 51 Ga. App. 613 (181 SE 142) (1935). Throughout the trial, appellant's counsel repeatedly made reference to *gross* negligence as the standard of negligence applicable to appellant's claims. Moreover, appellant himself *requested* the following charge on the standard of care to be applied by the jury, the substance of which was charged and is not attacked on appeal:

"Ladies and gentlemen of the jury, I charge you that in this case, the plaintiff was riding as a guest in the automobile of the defendant, and the defendant owed plaintiff a duty of slight care against injuring him. In other words, in order to find defendant liable you should find that he was grossly negligent in his operation of the automobile.

"If you find that his operation of the automobile was in excess of the speed limit, or that he operated the automobile in an intoxicated

condition, and if you find either of the act or acts of the defendant to be gross negligence, then you would find for the plaintiff. If you find no acts of the defendant to be gross negligence, you would find for the defendant. In order to find for the plaintiff, you must find the grossly negligent act or acts to be the direct or proximate cause of the plaintiff's injury."

While the record does reflect that, after the charge was given, appellant lodged an exception with the trial court on the *erroneous* premise that the "guest passenger" rule had been legislatively repealed, he did not express or imply at trial any objection remotely raising the grounds raised on appeal. *Cassier v. Golden,* 151 Ga. App. 618, 619 (2) (260 SE2d 750) (1979). In any event, however, we deem it clear that at the very least, appellant acquiesced in the decision of the trial court to submit the case to the jury as a "guest passenger" case rather than as a "business invitee" case. Appellant did *not* request an instruction on the standard of care to be applied if he were found to be a business invitee, nor did he except to the trial court's failure to give such a charge. A party "will not be heard to complain that the trial court failed to give a complete charge to the jury where the incompleteness arose from instructions requested by [him] and there was no request or objection . . . regarding such incompleteness . . ." *Jackson v. State,* 234 Ga. 549, 553 (216 SE2d 834) (1975). "No matter how erroneous the ruling might have been (and we express no opinion on this question), a litigant cannot submit to a ruling, acquiesce in the ruling, and still complain of same. He is required to stand his ground and fight in order to successfully enumerate as error an erroneous ruling by the trial judge. Acquiescence completely deprives him of the right to complain further; he has agreed that the trial court's ruling was correct by submitting to it. [Cit.]" *Upshaw v. Cooper,* 127 Ga. App. 690, 692 (194 SE2d 618) (1972).

As the result of appellant's acquiescence in the "guest passenger/gross negligence" standard as the only standard applicable in this case and his failure to request an alternate jury instruction on the "business invitee/ordinary negligence" standard of care, appellant's enumerations of error are without merit. *Hodges v. State,* 147 Ga. App. 434 (249 SE2d 149) (1978).

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED JANUARY 20, 1981.

*Reuben M. Word,* for appellant.
*David H. Tisinger,* for appellees.