## 61316. DARWIN v. METROPOLITAN ATLANTA RAPID TRANSIT AUTHORITY et al.

BIRDSONG, Judge.

Appellant Darwin sued defendants Anderson and MARTA for injuries and damages he sustained when a MARTA bus, driven by Anderson, struck his vehicle from the rear as he stopped for a red light. The jury returned a verdict for the plaintiff in the amount of $10,000 and he appeals, alleging thirteen enumerations of error. *Held:*

1. The trial court's denial of appellant's motion for new trial upon general grounds was not error. The contentions of the parties were hotly disputed, but the jury's verdict was within the range of evidence and was supported by the evidence; consequently, the trial court's denial of a new trial was not error or an abuse of discretion. *Hospital Authority v. Smith,* 142 Ga. App. 284, 286 (235 SE2d 562); *Tallent v. McKelvey,* 105 Ga. App. 660, 662 (125 SE2d 65).

2. The trial court directed a verdict against the defendants on the issue of defendants' negligence, but the appellant contends the trial court erred in not directing a verdict of liability against the

defendants as well. In refusing to do so, the trial court very aptly said: "[The plaintiff] is entitled to a directed verdict on the issue of negligence. But proximate cause is a matter that continues to be an issue." The bus driver admitted following the appellant too closely to make a safe stop even if it had not been raining, but he contended the appellant had been drifting into the left lanes about two-thirds of the way to the left lane and "abruptly" came back in front of the bus, and that the erratic movement of appellant's vehicle contributed to the accident. The bus driver admitted that if he had been maintaining a proper distance behind the appellant, appellant's weaving "would not have made any difference" since the appellant did not actually leave his lane. Appellant contends this statement is conclusive that any negligence of the appellant did not contribute to the accident; but we think it might also be inferred by the jury that if appellant had continued in his "drifting" and had left the right lane and not "abruptly" returned, the accident might not have occurred at all. A directed verdict is proper only where "there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall *demand* a particular verdict." Code Ann. § 81A-150 (a). (Emphasis supplied.) Whether any negligence of the appellant contributed to the collision was properly left to the jury, as was the question of whether the injuries claimed by the appellant were proximately caused by the defendants' unaided negligence, or indeed by the collision.

3. The trial court, over objection, permitted one Thomas Womack, a private investigator, to testify on behalf of the defense, although Womack was not listed as a possible defense witness in the pretrial order and had not been added by amendment. In short, he was a surprise witness. We note that the pretrial order was entered on July 31, 1979; Mr. Womack was hired prior to August 16, 1979, by the defendants for the specific purpose of collecting evidence against the appellant. The trial was not held until March, 1980. There was ample time for the defendants to apprise the appellant of this man's existence in the case, and the fact offered in defense of their failure to do so—that Womack was not to be used unless his testimony was needed for rebuttal or impeachment, which defendants could not anticipate—seems rather inane since necessarily the plaintiff's entire case as to damages would consist of how seriously and in what respects he was injured or disabled and the defendants' purpose in hiring Womack was solely to defend against the plaintiff's recovery by showing he was not so incapacitated after all. In fact, Womack's testimony constituted the defendants' only evidence in defense of appellant's claims of injury, except that adduced by cross

examination. The pretrial order issued by the court is a serious matter and carries legal force of its own weight (see Code Ann. § 81A-116). It was not entered into lightly, rather the trial court ordered that the pretrial order "supercedes the pleadings which are hereby amended to conform hereto [and the] issues in this case are hereby limited to those set forth in this order." The pretrial order lists the witnesses each party would or might produce and Womack was not among them. In September, 1979, the appellant proposed and the trial court entered a pretrial amendment adding two medical witnesses, but still the defendants never mentioned Womack. While we would never curtail a party's right to produce in its behalf witnesses whose necessity or perhaps existence is only lately realized, we do not see the witness Womack in that light. The contest of litigation, where victory should rightly be his whose case is best and effort most assiduous, is nevertheless not a game to be won by the cleverest player, or by any but the fairest play. The trial court made a serious effort to catalog the witnesses in the case and we see no good reason why Womack should not have been included; nevertheless, we will not reverse the case on this basis. Womack testified that in August, 1979 (2 weeks after the pretrial order was entered), he surveilled the appellant for four days, observing him go about his business in a particular manner, and Womack produced numerous photographs, taken surreptitiously, of the appellant in different activities. Despite his surprise, however, appellant's counsel conducted a skilled cross examination and was able to diminish his disadvantage. Moreover, the appellant had produced several good witnesses who testified at length to appellant's injuries and disability. Although appellant apparently cast about during a limited recess to find a witness in rebuttal and did not find one, he did not move for a continuance as he might have done under the circumstances. The jury, after all, awarded the appellant a verdict which is within the range of evidence even excluding Womack's testimony. We therefore do not find that Womack's testimony had a fatal, prejudicial effect sufficient to reverse the jury's verdict in the case, particularly in view of the fact that no motion to continue was made by appellant.

4. Appellant, in eight enumerations of error, objects to certain instructions given by the trial court. However, he made no objections to these instructions at trial. After the charge, when any such errors might best be corrected, he was specifically asked if he had any complaints, and he responded that he had none. He therefore has no grounds to complain on appeal. *Hodges v. State,* 147 Ga. App. 434 (249 SE2d 149); and see *Hand v. Williams,* 234 Ga. 755 (218 SE2d 7).

Appellant did, however, object to the trial court's failure to

charge two instructions he requested. The trial court was correct in refusing to charge: " . . . the law infers bodily pain and suffering for personal injury, and loss of time from the disabling effect thereof." Likewise, we find no harmful error in the trial court's refusal to charge: "If you find that plaintiff . . . has suffered a loss of profit for the future appreciation of his rental property, you would be authorized to award such sums . . . as you find that he has lost." Any alleged profits lost by the plaintiff because his bad health allegedly forced him to sell properties for which inflation, by the time of trial, might have brought a much higher price, were too "speculative, remote, and uncertain" to be allowed. See *Tri-State Systems v. Village Outlet Stores,* 135 Ga App. 81 (217 SE2d 399). Any such loss, by the evidence in this case, is not capable of reasonably accurate computation (see e. g., *Kroger Co. v. Perpall,* 105 Ga. App. 682 (125 SE2d 511)), but is based on an entirely speculative conjecture concerning an imaginary prospective sale. Appellant has shown us no authority otherwise.

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED MAY 26, 1981.

*V. C. Baker,* for appellant.
*Terrence Lee Croft, Denise Caffrey,* for appellees.