## 67294. THOMAS v. SATTERFIELD.

QUILLIAN, Presiding Judge.

This is an appeal from the trial court's dismissal of an appeal for failure to timely file a transcript. Held:

Appellant timely filed a notice of appeal from a judgment on March 2, 1983, requesting that the trial transcript be included in the record on appeal. The transcript was not filed within 30 days as required by law and, no request for an extension of time to file the transcript having been made, appellee moved to dismiss the appeal in April. Appellant's first request for an extension of time to file was made on May 9, and the trial court dismissed the appeal on June 22.

It was incumbent on appellant to file the transcript by April 1, 30 days after the notice of appeal, or obtain an extension. OCGA § 5-6-42 (Code Ann. § 6-806). "Even assuming that [appellant] himself was not personally at fault for the delay . . ., the fact that the initial delay in the preparation of the transcript may not have been the fault of the

[appellant] does not excuse the filing delay, in the absence of a proper request by the [appellant] for an extension of time. . . . The trial judge determined that there had been an unreasonable delay in filing the transcript and that said delay was inexcusable and caused by the appellant. Code Ann. § 6-809(b) [now OCGA § 5-6-48(c)]. [Cit.] This being so, the trial court was authorized to dismiss [the] appeal." *Dampier v. First Bank &c. Co.,* 153 Ga. App. 756, 757 (266 SE2d 539).

"Failure timely to file the record of proceedings or timely to obtain an extension of time for so doing requires dismissal of the appeal. [Cits.]" *Long v. City of Midway,* 165 Ga. App. 602, 604 (302 SE2d 372).

The trial court did not err in dismissing the appeal.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED JANUARY 4, 1984.

*George Handelsman,* for appellant.
*Ray L. Allison,* for appellee.