76707. CITY OF COLLEGE PARK et al. v. GEORGIA POWER COMPANY et al.
(372 SE2d 493)

BEASLEY, Judge.

The City of College Park and the mayor appeal the trial court dismissing their appeals for failure to timely file the transcript. The prior history of this case is chronicled in *Smith v. Ga. Power Co.*, 183 Ga. App. 295 (358 SE2d 879) (1987), in which we reversed and remanded for "determination of whether the delay in filing was unreasonable, and if so, whether the unreasonable delay was inexcusable."

The enumeration of error presents as the sole question whether the court erred as a matter of law because it failed to determine whether appellants' delay in filing the transcript was unreasonable and whether the delay was inexcusable. They argue that the court did not rule on its motion for an oral hearing and should not have entered an order after remand without permitting the parties to submit evidence other than affidavits; that the court failed to issue findings as to whether the delay was unreasonable and inexcusable; that the court failed to exercise its discretion in making its determination; that the court erred because the delay was not unreasonable and even if it were it was not inexcusable. Thus there are three procedural and one substantial contentions, but only those related to the enumeration will be considered.

"An enumeration of error cannot be enlarged at the appellate level by statements in the briefs of counsel to include issues not made in the enumeration." *Echols v. State*, 149 Ga. App. 620, 625 (3) (255 SE2d 92) (1979). Accord *Irvin v. Askew*, 241 Ga. 565, 566 (2) (246

SE2d 682) (1978); *Frink v. State*, 177 Ga. App. 604, 608 (5) (340 SE2d 631) (1986); *Key v. State*, 147 Ga. App. 800, 801 (2) (250 SE2d 527) (1978); *Leniston v. Bonfiglio*, 138 Ga. App. 151, 153 (2) (226 SE2d 1) (1976). A thorough discussion of what this court will consider under one enumeration of error is found in *McDonald v. McDonald*, 156 Ga. App. 565 (1) (275 SE2d 142) (1980) [2 judges only, but cited approvingly in over 20 cases]. One cannot expand the scope of review or supply additional issues "through a process of switching, shifting, and 'mending your hold.' " *Redwing Carriers v. Knight*, 143 Ga. App. 668, 674 (9) (a) (239 SE2d 686) (1977). Tested by the maxims of the cited cases, we consider only the error asserted by the enumeration and not those sought to be raised by argument to this court.

The trial court in its order found that the delay in perfecting the appeal was "dilatory and unreasonable" and "inexcusable in that no effort was made to prepare the transcript of the hearing for over four and one-half months when plaintiffs knew that such transcript was essential to perfect its appeal." The court ordered both appeals dismissed "in the exercise of its sound discretion." This was an unqualified statement by the trial court that it was acting as required by law, and the facts upon which this conclusion was based were set out.

Moreover, there is nothing to establish that, as a matter of law, there was an abuse of discretion. The two notices of appeal were filed on November 20, 1985, and thirty days elapsed without the filing of any transcript or of any requests for extension of the time in which to file them. Not until April 9 and 11, 1986, were such requests filed. On June 20, when the first hearing on the motion to dismiss the appeals was held, the transcripts had still not been filed.

As we stated in the previous opinion, under *Young v. Climatrol Southeast Distrib. Corp.*, 237 Ga. 53 (226 SE2d 737) (1976), in consideration of a motion to dismiss for untimely filing a trial court must find the delay to be both unreasonable and inexcusable. In making that determination, the trial court exercises a legal discretion which is subject to appellate scrutiny only for abuse. *Dubois v. Dubois*, 240 Ga. 314 (1) (240 SE2d 706) (1977). Failure to obtain the transcript within the prescribed time or to timely move for an extension may require dismissal of the appeal. See *Long v. City of Midway*, 251 Ga. 364 (306 SE2d 639) (1983); *In re G. W. H.*, 168 Ga. App. 845, 846 (310 SE2d 573) (1983).

In *Thomas v. Satterfield*, 169 Ga. App. 432 (313 SE2d 134) (1984), this court considered a factual situation similar to the present one. A notice of appeal from the judgment was filed on March 2, 1983, and no transcript nor request for extension was filed within thirty days. Appellant's first request for extension was not filed until May 9 and the appeal was dismissed on June 22. We held: "[T]he fact that the initial delay in the preparation of the transcript may not have

been the fault of the [appellant] does not excuse the filing delay, in the absence of a proper request by the [appellant] for an extension of time." Id. at 432. The facts authorized the trial court's finding that the delay was unreasonable and inexcusable and caused by appellant. This, in turn, authorized dismissal of the appeal. Accord *Dampier v. First Bank &c. Co.*, 153 Ga. App. 756, 757 (266 SE2d 539) (1980). See *Middleton v. Continental Dev. Corp.*, 153 Ga. App. 144 (264 SE2d 689) (1980). The *Thomas, In re G. W. H.* and *Dampier* cases are controlling here.

*Judgment affirmed. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED SEPTEMBER 6, 1988.

*George E. Glaze, Steven M. Fincher, James E. Ervin*, for appellants.

*Robert H. Forry, Arthur H. Domby, Bruce L. Bromberg, John R. Barmeyer, Charles N. Pursley, Jr., Michael J. Bowers*, Attorney General, *Victoria H. Tobin, Michael J. Henry*, Assistant Attorneys General, for appellees.