## A89A1716. JONES v. FARRINGTON.
(389 SE2d 776)

DEEN, Presiding Judge.

In March of 1971, Joseph Jones, Jr., Bobby Hill, and Fletcher Farrington formed a partnership for the practice of law. This law firm was converted into a professional corporation in 1976, with each of the partners holding a one-third interest. In 1971, shortly before Farrington joined Hill and Jones, Jones agreed to represent the victims of a recent explosion at the Thiokol Chemical Corporation plant in Woodbine, Georgia, on a contingent fee basis. Jones performed all the work on the cases on behalf of the corporation.

In March of 1977, Farrington announced his intention to leave the corporation, and it was dissolved in June. Shortly thereafter, Jones and Hill formed a new professional corporation with other attorneys, and Jones continued to represent the Thiokol plaintiffs until the last case was concluded in October 1987.

On June 26, 1979, Farrington filed an action in equity in the Superior Court of Fulton County against Jones and Hill for an accounting and distribution of the corporate assets including the fees from the Thiokol cases which were still pending on appeal. On August 31, 1979, the parties entered into a consent order which disposed of all corporate matters except the fees in the Thiokol cases. The agreement provided that one-third of all fees collected in the Thiokol cases be placed in an escrow account. The order did not provide for a distribution of the escrowed funds, but reserved that matter for later determination by the court if the matter could not be resolved by agreement. The Fulton County complaint, however, was automatically dismissed on November 8, 1984, under OCGA § 9-2-60 (b), because no action was taken in the case for five years.

On February 19, 1987, Farrington filed the present lawsuit against Jones and Hill seeking distribution of the fees derived from the Thiokol cases. Farrington filed a motion for partial summary judgment, and Jones responded with his own motion for summary judgment. The trial court granted partial summary judgment to Farrington as to Jones' defenses of statute of limitation and laches and denied Jones' motion. Jones appeals.

1. Jones contends that the statute of limitation on Farrington's claim was either four or six years, depending upon whether OCGA § 14-2-153 or OCGA § 14-2-154 was the controlling time limitation for bringing an action to recover his claimed share of the corporation's assets. He asserts that the time began to run no later than June 26, 1979, when Farrington filed his original lawsuit in Fulton County.

The trial court disagreed with Jones' reasoning and found that the statute of limitation could start to run no earlier than the time the fees were first recoverable, which was in April of 1986 through October of 1987, the dates when the last of the cases were concluded. We find no error in this reasoning because a contingent fee cannot be collected until the underlying lawsuit is terminated in the plaintiff's favor, and the statute of limitation does not begin to run until the fee is collectible. *Sellers v City of Summerville*, 208 Ga. 361, 366 (67 SE2d 137) (1951); *Brookhaven Supply Co. v. Rary*, 131 Ga. App. 310, 311 (205 SE2d 885) (1974). There is no merit in this enumeration of error.

2. Jones also asserted the defense of laches, contending that Farrington stood by and allowed his earlier suit to be automatically dismissed. Farrington, however, had no further action that he could take in the earlier suit because the Thiokol cases were pending until 1986, and there were no fees to be recovered. Farrington properly waited until the fees were recoverable before bringing the instant suit. The order of the trial court correctly granted summary judgment to him on this issue.

3. Appellant raises many other issues in his brief which are not enumerated as error. Enumerations of error may not be enlarged in the briefs of counsel to include issues not set forth in the enumerations. *City of College Park v. Ga. Power Co.*, 188 Ga. App. 223 (372 SE2d 493) (1988).

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED DECEMBER 1, 1989 —
REHEARING DENIED DECEMBER 15, 1989 —

*Scheer & Elsner, Robert A. Elsner, Wayne Chatham*, for appellant.

*W. Paschal Bignault,* for appellee.