A89A2122. JONES v. SCARBOROUGH.
(390 SE2d 674)

SOGNIER, Judge.

Carolyn Jones brought an action against Jackie H. Scarborough to recover damages resulting from an automobile collision. The jury returned a verdict for Jones upon which judgment was entered. Apparently unsatisfied with the amount of the verdict, Jones appeals the denial of her motion for a new trial.

1. Appellant asserts two errors in the trial court's treatment of the fact that she was not wearing a seat belt at the time of the accident.

(a) Appellant contends the trial court erred by allowing into evidence the deposition testimony of Dr. Leon Hubrich, appellee's expert, regarding whether appellant's injuries might have been reduced had she been wearing a seat belt-shoulder harness because, although Dr. Hubrich was a board certified orthopedist, no foundation was laid as to his expertise regarding the consequences of failure to wear seat belts. At his deposition, however, the only objection made was to the admissibility in general of any testimony as to the seat belt issue (in apparent reliance on OCGA § 40-8-76.1 (d), effective September 1, 1988 which, we note, is not applicable to this case).

OCGA § 9-11-32 (d) (3) (A) provides that as to the taking of a deposition, "[o]bjections to the competency of a witness . . . are not waived by failure to make them before or during the taking of the deposition, unless the ground of the objection is one which might have been obviated or removed if presented at that time." "Extended discussion or citation of authorities is not required to demonstrate that if [appellant] had objected during the deposition to the absence of proof of the witness' competence to testify as an expert [on the consequences of failure to use a seat belt], defense counsel might have been able to cure this ground of objection by proof of the witness' qualifications. [Appellant] thus waived [her] right to raise this objection. [Cits.]" *Andean Motor Co. v. Mulkey*, 251 Ga. 32-33 (1) (302 SE2d 550) (1983). Accordingly, we find that the trial court did not err by admitting this deposition testimony. Contrary to appellant's argument, *City of Fairburn v. Cook*, 188 Ga. App. 58, 67-68 (10) (372

SE2d 245) (1988) does not require a different result, because applying the standard in *Cook* to the facts sub judice, we find no abuse of the trial court's discretion in this matter.

(b) Appellant also enumerates as error the trial court's charge to the jury regarding her failure to use a seat belt, arguing that absent expert or other competent testimony linking appellant's injuries with her failure to use a seat belt, the charge was not adjusted to the evidence and therefore improper. We do not agree with appellant that no competent evidence supported this charge. Dr. Hubrich testified that "a seat belt with a shoulder harness certainly diminishes the forward thrust of the body, and for that reason would diminish the potential problem of risk to the lumbar or to the thoracolumbar junction," and that by wearing a seat belt with a shoulder harness "you do get correlatingly less injuries in general." We find this testimony sufficient to support the charge given, in which the jury was instructed that if they found from the evidence that appellant's failure to wear a seat belt "produced or contributed to . . . at least a portion of her damages, then [they] would be entitled to consider whether the damages for which [appellee] may otherwise be liable should be reduced should [they] find [appellee] liable in any amount."

Moreover, even if the charge was erroneous, the error was harmless and would not require reversal because the jury was also charged as to comparative negligence, proximate cause, and pre-existing injuries as alternative bases for reducing damages, and because evidence was adduced supporting each of these charges the jury would have been authorized to reduce appellant's damages on any of these grounds. See generally *Williams v. Central of Ga. R. Co.*, 142 Ga. App. 523, 525-526 (6) (236 SE2d 498) (1977).

2. Appellant next contends the trial court erred by refusing to allow appellant to introduce into evidence certified copies of the official records of the U. S. Department of Commerce National Climatic Data Center and the National Weather Service showing the weather conditions at the Athens Municipal Airport at the date and time of the accident. One of the bases for the trial court's exclusion of this documentary evidence was lack of proper foundation for its admission.

While no Georgia statute specifically governs the introduction into evidence of certified copies of federal documents, these may be admitted in Georgia courts provided the requisite common law procedures of proof of the authority and incumbency of the clerk having custody of the document and proof of the genuineness of the seal are followed. See *Rice v. State*, 178 Ga. App. 748-749 (1) (344 SE2d 720) (1986). (We note that substantial compliance with the federal procedure for the admission of these documents has been held to be the equivalent of satisfaction of common law procedure. Id. at 748.) The

documents proffered by appellant are signed by the "meteorologist in charge" but do not indicate he was the custodian of the documents, and therefore the trial court did not err by excluding the documents on the basis that the proper foundation had not been laid for their admission.

3. Appellant finally raises error in the trial court's treatment of her efforts to depose appellee's retained accident investigator, David Fincher, as well as her attempt to subpoena him to testify at trial. Although we agree with appellant that the trial court erred in its rulings that no discovery or testimony was allowable from Fincher, nevertheless we find no basis for reversal.

In its ruling on appellant's motion to compel discovery, the trial court found that Fincher was an "expert," and since appellee did not intend to call Fincher as a witness at trial, OCGA § 9-11-26 (b) (4) (B) governed, and appellant had not made the showing of "exceptional circumstances" required for discovery under that section. Although it is true, as noted by the trial court, that "because of [Fincher's] training and experience [he] possesses knowledge in the investigation field which is not common knowledge or known to the average citizen," it is apparent that appellant would not have examined Fincher regarding surveillance techniques or investigatory practices, but rather about his observations of appellant, and possibly his conclusions as to those observations. Thus, for the purpose of this trial, Fincher was not an "expert" and OCGA § 9-11-26 (b) (4) (B) does not apply, and Fincher should have been treated as any other "fact" witness, excluding from discovery only his conclusions or other "work product." See, e.g., *Smith v. Smith*, 223 Ga. 551, 554-556 (2) (a) (156 SE2d 916) (1967). Discovery of the facts observed by Fincher was permissible, and the trial court erred by prohibiting the discovery and excluding Fincher's trial testimony on this matter. See generally *Candler Gen. Hosp. v. Joiner*, 180 Ga. App. 455, 457-459 (2) (349 SE2d 756) (1986).

Appellant's purpose in deposing Fincher was "to find out what it was he had seen, what photographs he might have or what recordings he might have." Appellant stated in her offer of proof that had she been allowed to call Fincher as a witness at trial, he would have detailed the dates and the period of time he observed appellant and that the evidence would show that Fincher never saw her pursuing any of the activities appellant had testified at trial that her injuries had prevented her from doing. Appellant claimed Fincher's testimony would have corroborated her case and would have weighed greatly in her favor, especially since he had been retained by appellee. "[A]ny person not privileged having knowledge of issues being tried should be made available to the parties as [a witness]." *Logan v. Chatham County*, 113 Ga. App. 491, 492 (1) (148 SE2d 471) (1966). We agree

with appellant that Fincher could have been deposed and questioned at trial about his observations of appellant and the fact that he never saw her engaging in activity which would belie her claim of injury, although the fact of his original employment by appellee was not pertinent and could not have been brought out. Id. at 492-493 (2). However, we find that the trial court's error in preventing appellant from questioning Fincher as to these matters was harmless, not requiring reversal, because appellant herself, as well as her treating physicians, testified as to her injuries and the resulting restrictions on her activities. Thus Fincher's testimony would have been merely cumulative. See generally *In re N. S. M.*, 183 Ga. App. 398, 399-400 (2) (359 SE2d 185) (1987).

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 12, 1990.

*Scott & Quarterman, Howard T. Scott, Bradley S. Wolff*, for appellant.

*Blasingame, Burch, Garrand & Bryant, Andrew J. Hill III, Kardos, Warnes & McElwee, Stephen H. McElwee*, for appellee.