A90A2149. HEATH v. L. E. SCHWARTZ & SON, INC. et al.
(405 SE2d 290)

SOGNIER, Chief Judge.

Gordon Heath brought suit against L. E. Schwartz & Sons, Inc. ("Schwartz") and Samuel Mays, seeking damages for injuries he allegedly incurred in a collision between the van Heath was driving and the truck driven by Mays and owned by Schwartz. The jury awarded Heath $516,961.41. Apparently unsatisfied with the verdict, Heath appeals.

The transcript reveals that at the time of the accident in March 1987, appellant was 54 years old and was driving a van specially equipped to accommodate appellant's wheelchair, which he had been using since contracting polio in 1949. The evidence sharply conflicted whether the collision that occurred was unavoidable, and the $768,830.42 in special damages claimed by appellant as resulting from the collision were vigorously contested.

Appellant's sole enumeration of error is that the trial court erred by refusing to give his request to charge no. 11 "that [appellees] bore the burden of proving [appellant's] *contributory* negligence." (Emphasis supplied.) An examination of that requested charge reveals that in the final sentence, appellant specifically sought to limit the instruction to a consideration of whether appellees, as defendants, had "the burden to prove [their] contentions that [appellant] was *contributorily* negligent." (Emphasis supplied.) Other than the charge placing the burden of proof on appellant to make out his case by a preponderance of the evidence, it is uncontroverted that no reference was made to appellees' burden of proof as to affirmative defenses, not even the affirmative defense of contributory negligence as requested by appellant. The trial court did, however, charge the jury that "if [appellant's] negligence was the sole cause of his injury and damage, if he was negligent, then he could not recover," an abbreviated charge which embodies the principle of contributory negligence as it has existed in Georgia for well over one hundred years. See, e.g., *Central R. Co. v. Brinson*, 64 Ga. 475, 478-479 (1880). For an enlightening discussion of the distinction between contributory and comparative negligence, see *Whatley v. Henry*, 65 Ga. App. 668, 674-675 (16 SE2d 214) (1941). The trial court also instructed the jury on comparative negligence, proximate cause, and pre-existing injury.

Pretermitting the question whether the incompleteness of appellant's request to charge no. 11 (its final sentence limiting consideration of affirmative defenses to contributory negligence, without addressing the burden on a defendant to prove the affirmative defense of comparative negligence) provided a basis for the trial court's refusal to give the requested charge, even assuming, arguendo, that the trial court's failure to give appellant's request to charge was error, that error does not require reversal here. "[I]t has long been the rule that when a verdict has been returned in favor of the plaintiff, errors in the giving of the charge, in omissions from the charge or in the refusal of requests which go to the matter of liability only are harmless to the plaintiff and afford no ground for reversal at his instance. [Cits.]" *Maloy v. Dixon*, 127 Ga. App. 151, 155-156 (2) (b) (193 SE2d 19) (1972). Because contributory negligence, as explained in the instruction given the jury in the case sub judice, serves to bar a plaintiff from recovering any damages when the jury determines that the plaintiff's negligence was the sole proximate cause of his own injuries, it follows that the jury must have rejected the theory of contributory negligence when it renders an award of damages in the plaintiff's favor. Hence, case law has long noted that an award of damages "renders harmless any error committed by the court in charging the jury on . . . contributory negligence. [Cits.]" *Butler v. Anderson*, 163 Ga. App. 547 (2) (295 SE2d 216) (1982). The harmless nature of such an

error is especially evident where the jury was charged as to comparative negligence, proximate cause, and pre-existing injuries as alternative bases for reducing damages, as in the case sub judice, since evidence was adduced supporting each of these charges and thus the jury would have been authorized to reduce appellant's damages on any of these grounds. *Maloy*, supra at 167; *Jones v. Scarborough*, 194 Ga. App. 468, 469 (1) (390 SE2d 674) (1990).

The cases relied upon by appellant in support of his argument, *Meacham v. Barber*, 183 Ga. App. 533, 535-536 (2) (359 SE2d 424) (1987) and *Whitehead v. Seymour*, 120 Ga. App. 25, 26 (1) (169 SE2d 369) (1969), are distinguishable by the fact that the verdicts rendered therein were in favor of the defendants, not the plaintiff. Nor do we find any merit in appellant's argument seeking to distinguish the principle set forth in *Maloy* and *Butler*, supra, on the basis that the omitted charge here did not involve liability simply because it may have impacted on the amount of damages awarded by the jury. The requested charge's omission in an otherwise applicable instruction on contributory negligence can hardly be said to have more impact on the jury's decision on damages than a situation, such as in *Butler*, supra, in which an abstractly correct, but otherwise inapplicable, charge on contributory negligence is given.

Contrary to the dissent's position, we cannot reach the issue whether reversible error was committed by the trial court's failure to give appellant's requested charge in regard to appellees' burden of proof as to the affirmative defense of *comparative* negligence, in that (1) appellant's requested charge (which ultimately limited consideration of appellees' burden of proof only to the affirmative defense of contributory negligence, without mentioning comparative negligence), even had it been given, would not have corrected the alleged error regarding appellees' burden of proof as to comparative negligence, see generally *Marlow v. Lanier*, 157 Ga. App. 184, 185 (276 SE2d 867) (1981) (party cannot complain if trial court gives incomplete charge where incompleteness arose from instructions requested by party), and (2) appellant's enumeration does not encompass any error in regard to the trial court's failure to charge the jury regarding a defendant's burden to prove the affirmative defense of comparative negligence. See generally *Jones v. Farrington*, 194 Ga. App. 10, 11 (3) (389 SE2d 776) (1989) (enumeration of error may not be enlarged to include issues not set forth in the enumeration). Nor do we agree that the sequence of the charges given by the trial court, by first informing the jury how damages could be apportioned should they find both parties were negligent (comparative negligence), then second informing the jury that plaintiff could recover nothing if his negligence was the sole proximate cause of his injuries (contributory negligence), somehow caused the contributory negligence charge as given to mu-

tate, so that it no longer meant what it clearly stated: that a finding by the jury that appellant was the sole cause of his injuries, i.e., contributorily negligent, would completely bar appellant's recovery. "The principles of law involved in a case must necessarily be given in charge to the jury seriatim. 'The court can not crowd every legal principle involved in a case in a separate and distinct paragraph.' [Cit.]" *City Council of Augusta v. Hammock*, 85 Ga. App. 554, 555 (69 SE2d 834) (1952). No reversible error is presented here either because the charge on contributory negligence was abbreviated, see *Department of Transp. v. Lewyn*, 168 Ga. App. 283, 290 (9) (308 SE2d 684) (1983) (in absence of request for elaboration, a general and correct statement of law not error), or because the correct charge on comparative negligence was not accompanied by the charge on appellees' burden to prove that affirmative defense. See *Burton & Class v. Connell*, 84 Ga. App. 106, 109 (2) (65 SE2d 620) (1951) (correct charge not rendered erroneous by failure to give in connection therewith another pertinent and legal charge). Even if failure to give a charge on defendant's burden to prove affirmative defenses, either generally or specifically directed at the affirmative defense of comparative negligence, amounted to a substantial error harmful as a matter of law under OCGA § 5-5-24 (c), that was not enumerated as error on appeal and cannot be considered now. See generally *City of College Park v. Ga. Power Co.*, 188 Ga. App. 223, 224 (372 SE2d 493) (1988).

*Judgment affirmed. McMurray, P. J., Banke, P. J., Birdsong, P. J., Pope, Cooper and Andrews, JJ., concur. Beasley, J., concurs in judgment only. Carley, J., dissents.*

CARLEY, Judge, dissenting.

I disagree with the majority's analysis by which it affirms the judgment in this case. The majority concludes that any error in the failure of the trial court to give appellant-plaintiff's written request to charge was harmless, based upon an asserted distinction between "contributory negligence" and "comparative negligence." There is, of course, a distinction between the *defense* of "contributory negligence," which bars a plaintiff's recovery, and the *principle* of "comparative negligence," which may merely diminish a plaintiff's recovery. *Whatley v. Henry*, 65 Ga. App. 668, 673 (6) (16 SE2d 214) (1941). If appellant's refused request to charge had related solely to appellee-defendant's burden of proving the *defense* of "contributory negligence," I could agree with the majority's harmless error analysis because the verdict in appellant's favor establishes that the lack of such a charge clearly did not mislead the jury as to liability. *Butler v. Anderson*, 163 Ga. App. 547 (2) (295 SE2d 216) (1982); *Jernigan v. Carmichael*, 145 Ga. App. 560, 561 (2) (244 SE2d 92) (1978).

However, appellant's refused request to charge did *not* relate

solely to appellee's burden of proving the *defense* of "contributory negligence." The refused request related to appellee's "burden of proving [appellant's] contributory negligence" *in general*. In my opinion, this general request was sufficient to encompass appellee's burden of proof as to *both* the defense of "contributory negligence" *and* the principle of "comparative negligence," for it is the asserted *negligence attributed to and contributed by appellant* upon which appellee ultimately relies in *either* event. Although there is a distinction between the *defense* of "contributory negligence" and the *principle* of "comparative negligence," "the *term 'contributory' negligence* has been construed by the courts as *synonymous* with what is perhaps more accurately termed *'comparative negligence'* or the rule of diminution of damages, where the plaintiff's negligence is not such as to wholly bar a recovery. . . ." (Emphasis supplied.) *Lamon v. Perry*, 33 Ga. App. 248, 252 (4) (125 SE 907) (1924). It is obviously in this synonymous sense that the general *term* "contributory negligence" was employed in appellant's refused request.

In the instant case, the trial court charged the jury as follows: "I charge you that should you find in this case that there was negligence by both drivers of the vehicles which was concurrent and contributed to proximately cause the injury to the plaintiff, but you find that the plaintiff's negligence, if any, was less than the defendant driver's negligence, if any, a recovery by the plaintiff would not be barred, but his damages should be diminished to an amount proportioned to that amount of fault attributable to him. If the negligence upon the plaintiff's part, if you find he was negligent, was equal to or greater than the defendant's negligence, if you find he was, then the plaintiff would not be entitled to recover. And if the plaintiff's negligence was the sole cause of his injury and damage, if he was negligent, then he could not recover." As can be seen, the trial court did not limit its instructions to the defense of "contributory negligence," but also instructed on the principle of "comparative negligence."

Accordingly, in the absence of appellant's refused request, the jury was never specifically instructed that, insofar as appellant's alleged negligence was relied upon either as a bar to or as a limitation on the amount of his recovery, the burden of proof was on appellee. Although the error in failing to give this refused request was certainly harmless to the extent that appellant's alleged negligence was relied upon as a total bar to his recovery, it cannot be said to be harmless insofar as appellant's alleged negligence was relied upon to diminish the amount of his recovery. In the absence of the requested instruction, the jury may well have erroneously concluded that appellant did not meet the burden of disproving his comparative negligence and, based upon that erroneous conclusion, may have awarded a reduced recovery because of his failure to have satisfied a burden of proof that

he was never obligated to meet. It cannot be established that the general verdict in favor of appellant was not diminished in some amount and was, therefore, unaffected by the erroneous failure to give the refused request. It follows that the error is not harmless and that a new trial is mandated. Accordingly, I must respectfully dissent.

DECIDED MARCH 15, 1991 —
REHEARING DENIED MARCH 29, 1991 — 

*Reynolds & McArthur, Charles M. Cork III,* for appellant.
*Jones, Cork & Miller, Wallace Miller III, Rufus D. Sams III,* for appellees.